[No. 2,931.]

PETER QUALE *v.* A. MOON AND JOHN CLARK ET AL.

LIEN OF SUB-CONTRACTOR.—The lien of a sub-contractor, under the Act of March 30, 1868, "for securing liens of mechanics and others," does not depend on, and is not suspended until the completion of the building.

DEFENSE OF OWNER AGAINST LIEN CLAIMED BY SUB-CONTRACTOR.—If, in an action by a sub-contractor to enforce a lien on a building, in a case where the contractor abandoned the contract before the building was completed, the owner relies for a defense on a clause in his contract with the contractor, which provides, "that should said contractor refuse or neglect to supply a sufficiency of materials, the owner shall have the power to provide materials and workmen, after three days' notice in writing being given to finish the said works, and the expense will be deducted from the amount of the contract," he must aver, in his answer, that the contractor neglected to supply a sufficiency of materials, and was notified in writing to proceed with the work in three days, or that the owner would complete the house himself.

IDEM.—If, in such case, the owner relies on the fact that the sums he has paid the contractor before he abandoned the work, and the cost of completing the building, amounts to more than the contract price, he must aver, in his answer, that the sum paid the contractor was due when it was paid, and that the aggregate of liens sought to be foreclosed exceed the amount which was to be paid the contractor, and that the sums paid out by him after the abandonment by the contractor, were paid to complete the building according to the terms of the contract.

CONSTITUTIONALITY OF LIEN LAW.—The Act of 1868 for securing liens of
mechanics and others, does not, because it fails to give to laborers other
than those working on mining claims a lien, violate the provision in
the constitution, "all laws of a general nature shall have a uniform
operation."

ACTION TO ENFORCE MECHANICS' LIEN.—A mechanic, in an action to enforce
a lien for work and material on a building, may unite a cause of action
for work and material furnished a contractor, with a cause of action for
work and material furnished at the request of the owner.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action to enforce a lien on a lot and building in San
Francisco. The plaintiff averred in his complaint, that the
defendant, Moon, owned the lot, and, about the 22d of
July, 1869, entered into a contract in writing with the de-
fendant, Clark, by which Clark, in consideration of certain
money to be paid him by Moon, agreed to erect for Moon
a building on the lot. That Clark, about the 5th of Au-
gust, 1869, commenced to erect the building, and on the
7th of October, 1869, made an agreement in writing with
the plaintiff, by which the plaintiff was to furnish materials
for and do the plastering on the building, for the sum of
six hundred and fifty dollars, to be paid by Clark. That
the plaintiff performed the contract on his part, and com-
pleted the plastering on the 23d of November, 1869, and
the same was accepted by Moon. That Clark, on the 30th
of October, 1869, paid the plaintiff three hundred and
twenty-five dollars on the contract, but the balance of the
sum due had not been paid. It was alleged that the build-
ing was completed December 6, 1869. There were the
usual averments of the filing of the lien, etc. There were
several defendants other than Moon and Clark, who, it was
alleged, had furnished materials for, or performed work on
the building, who appeared separately, and set up the facts
out of which their respective liens grew, and asked to have
them enforced. Among the number was M. W. Higgins,
who, in his answer, set up a claim for furnishing lead and
iron pipes for gas and water for the building, and for work
on the same as a mechanic, under a contract with Clark,

and also a separate claim for marble, slabs, and extra pipe, furnished for the building at the request of Moon, and for work as a mechanic at his request. Moon demurred to the answer of Higgins, because it contained two causes of action; one for work and material as a sub-contractor at the request of Clark, and one for the same at the request of Moon. The demurrer was overruled.

Moon, in his answer, filed March 2, 1870, admitted the contract between himself and Clark, but averred that by its terms the building was to be completed on or before the 15th day of November, 1869, and that it was not yet completed. He also admitted the contract between the plaintiff and Clark, and that but three hundred and twenty-five dollars, had been paid on it; and averred that the balance would not become due until thirty days after the completion of the building. He also averred that, before the 22d of October, 1869, he had paid to Clark, upon his contract, divers sums of money amounting to the sum of three thousand four hundred and fifty dollars and forty cents, but did not aver that the same was due to Clark when paid, nor did he allege the sum total he was to pay to Clark. He further alleged that, by the terms of his contract with Clark, it was provided that, should said contractor "refuse or neglect to supply a sufficiency of materials, the owner shall have the power to provide materials and workmen, after three days' notice in writing being given to finish the said works, and the expense will be deducted from the amount of the contract;" and that on the 12th day of November, 1869, Clark abandoned his contract, and failed and refused to procure further materials, or further proceed with the building; and that on the 16th of November following, he served notice in writing upon Clark, that "Clark having failed to complete said house within the time mentioned in the contract therefor; that said notice was and is a three days' notice to said Clark that said Moon would complete said house himself," and that Clark had not done anything further on the building, but it still remained unfinished; and that since Clark abandoned the contract, he had "paid out for work, labor and materials for, in and upon the

construction of said building divers large sums of money, amounting in the aggregate to. a large sum of money, to-wit: one thousand three hundred and fifty-seven dollars and two cents;" and that said sums of money amounted to a larger sum than the contract with Clark called for. There was no allegation that the sums paid out by Moon, after the abandonment by Clark, were paid to complete the building according to the terms of the contract with Clark. The Court sustained a demurrer to the answer of Moon. The defendants then moved for judgment on the pleadings, and the motion was granted. The defendant Moon appealed.

*James McCabe,* for the Appellant.

Higgins avers one contract with Clark, and another with Moon, to wit: he sets forth one cause of action, upon which John Clark and Moon are both liable (if said lien law is valid), and another against Moon individually. This is manifestly a misjoinder of causes of action.

The Lien Law (Statutes of 1867–8, p. 589), gives a lien to miners and to laborers working upon mining claims, but fails to give a lien to engineers, etc., upon railroads, or to laborers in factories. It is, therefore, not uniform in its operation, and violates that clause in the Constitution which requires all laws of a general nature to have a uniform operation.

*Mr. McCabe* also argued that the lien law was unconstitutional, because, as he contended, Moon was compelled to pay more than his original contract price with Clark. It is in relation to this point that the Court, in its opinion says : "The other constitutional objection suggested by appellant does not arise out of the facts of the case."

*John M. Burnett,* for the Respondent Quale.

*Parker & Roche,* for Respondents C. A. Hooper & Co. and M. W. Higgins.

*Leonard S. Clark,* for Respondents B. and J. S. Doe and the Excelsior Mill Company.

---

Points decided.

By the Court, McKINSTRY, J.:

The demurrer to the answer of defendant Moon to plaintiff's amended complaint was properly sustained. The lien of the plaintiff did not depend on and was not suspended until the completion of the building.

The answer does not aver that the builder, having neglected "to supply a sufficiency of materials," was notified by the defendant to proceed with the works within three days, or that he (the defendant) would complete the house himself. Nor does it aver that the sum paid by the defendant to the builder, before the abandonment by him of his work and contract, was due when the same was paid; nor that the aggregate of the liens foreclosed in this action exceeds the amount which was to be paid the builder; nor that the sums by defendant paid out after the alleged abandonment by the builder were paid to complete the building according to the terms of the contract.

The Act under which this suit was brought does not violate the provision of the Constitution: "All laws of a general nature shall have a uniform operation." The other constitutional objection suggested by appellant does not arise out of the facts of this case.

There is no misjoinder of causes of action in the amended cross-complaint of defendant Higgins.

Judgment and order denying new trial affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.