## FINLEY *v.* PEOPLE OF THE STATE OF CALIFORNIA.

### ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 15. Argued October 26, 1911.—Decided November 6, 1911.

Whether a state statute denies equal protection of the laws by reason of classification depends upon whether there is a basis for the classification.

There is a proper basis for classification of punishment for crimes between convicts serving life terms in the state prison and convicts serving lesser terms.

Section 246 of the Penal Code of California inflicting the death penalty for assaults with intent to kill committed by life term convicts in the state prison is not unconstitutional under the equal protection clause of the Fourteenth Amendment because its provisions are not applicable to convicts serving lesser terms.

153 California, 59, affirmed.

THE facts, which involve the constitutionality under the equal protection clause of the Fourteenth Amendment of § 246 of the Penal Code of the State of California, are stated in the opinion.

*Mr. C. C. Calhoun, Mr. James M. Sharp, Mr. H. G. W. Dinkelspiel, Mr. Samuel T. Bush* and *Mr. G. C. Ringolsky* for plaintiff in error, submitted:

While the law with reference to classification within the constitutional meaning is well settled, the application thereof gives rise to question. *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Barbier* v. *Connolly*, 113 U. S. 27; *Board of Education* v. *Alliance Assurance Co.*, 159 Fed. Rep. 994.

It is necessary to ascertain the reason and purpose of the statute to determine its validity. The rapid and be-

neficent advance of penal reform necessitates the conclusion that no trivial reason prompted or should be held to have prompted the statute. Boies, Science of Penology, 119.

The legislature did not base the statute upon the ground that life termers are more dangerous than other prisoners. *People* v. *Finley*, 153 California, 59, *contra*.

The term of imprisonment is determined by influences other than personal character. Drahms, The Criminal, 364; *Ex parte Mallon*, 16 Idaho, 737; 102 Pac. Rep. 374.

Life termers are not desperate because of the loss of all hope of freedom, since the parole law of California supplies ample relief.

Permanent loss of civil rights as compared with a temporary loss thereof does not make the life termer more dangerous than his fellow‑convict.

A law predicated on length of term is unconstitutional. *Ex parte Mallon*, 16 Idaho, 737; 102 Pac. Rep. 374; *State* v. *Lewin*, 53 Kansas, 679; 37 Pac. Rep. 168.

The only possible reason for the enactment of the statute is a seeming lack of adequate punishment for life termers.

The classification necessary to support a statute must be based upon real differences in the situation, condition and tendencies of things. *Ho Ah Kow* v. *Nunan*, 5 Sawyer, 552; *Gulf &c. Ry. Co.* v. *Ellis*, 165 U. S. 150; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Board of Education* v. *Alliance Assurance Co.*, 159 Fed. Rep. 994; *State* v. *Loomis*, 115 Missouri, 307; 22 S. W. Rep. 350; *State* v. *Miksicek*, 125 S. W. Rep. 506 (Missouri, 1910); *State* v. *Mitchell*, 97 Maine, 66, 73; *State* v. *Julow*, 129 Missouri, 163; 31 S. W. Rep. 781, 783; *State* v. *Thomas*, 138 Missouri, 95; 39 S. W. Rep. 481; *Murray* v. *Board of Commissioners*, 81 Minnesota, 359; 84 N. W. Rep. 103; *Nichols* v. *Walter*, 37 Minnesota, 264; 33 N. W. Rep. 800; *People* v. *Van*

*De Carr,* 86 N. Y. Supp. 644; *Jones* v. *C. R. Railway Co.,* 231 Illinois, 302, 308; *State* v. *Wright,* 53 Oregon, 344; 100 Pac. Rep. 296; *State* v. *Hammer,* 42 N. J. L. 435; *In re Van Horne,* 74 N. J. Eq. 600; 70 Atl. Rep. 986; *Gillespie* v. *People,* 197 Illinois, 501; 64 N. E. Rep. 533; *Phipps* v. *Wis. Cent. Ry. Co.,* 133 Wisconsin, 153; 143 N. W. Rep. 456; *Johnson* v. *City of Milwaukee,* 88 Wisconsin, 383; 60 N. W. Rep. 270; *Sutton* v. *State,* 96 Tennessee, 694; 36 S. W. Rep. 697; *State* v. *Goodwill,* 33 W. Va. 179.

The statute does not meet constitutional tests. There is no inherent difference between the life termer and the middle-aged long termer. See Report State Board Prison Directors, 1909–1910, 69 and 185; 70 and 184.

Owing to the condition of the California law, certain prisoners are, with reference to immunity from punishment, in the same position as life termers. Code Civ. Proc., § 669; Penal Code, § 245; *Ex parte Morton,* 132 California, 346; Penal Code, § 667.

The statute should be viewed from a broad position. It is unequal, special and discriminatory and unconstitutional.

*Mr. E. B. Power,* with whom *Mr. U. S. Webb,* Attorney General of the State of California, was on the brief, for defendant in error.

Memorandum opinion, by direction of the court, by MR. JUSTICE McKENNA.

Section 246 of the Penal Code of the State of California provides as follows: "Every person undergoing a life sentence in a state prison of this State, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable with death."

Plaintiff in error was indicted under this section, tried, found guilty and the death penalty imposed. To the judgment of the Supreme Court of the State affirming the sentence against him he prosecutes this writ of error and urges as ground thereof that § 246 is repugnant to the Fourteenth Amendment of the Constitution of the United States in that it denies to him the equal protection of the laws because it provides an exceptional punishment for life prisoners.

The Supreme Court sustained the law on the ground that there was a proper basis for classification between convicts serving life sentences in the state prison, as defendant was when he committed the crime for which he was indicted and found guilty, and convicts serving lesser terms.

It is elementary that the contention is to be tested by considering whether there is a basis for the classification made by the statute. Applying that test we see no error in the ruling. As said by Mr. Justice Henshaw, delivering the opinion of the court, "The classification [of the statute] in question is not arbitrary but is based upon valid reasons and distinctions." And pointing out the distinction between life prisoners and other convicts, he said that "The 'life termers,' as has been said, while within the prison walls, constitute a class by themselves, a class recognized as such by penologists the world over. Their situation is legally different. Their civic death is perpetual." Manifestly there could be no extension of the term of imprisonment as a punishment for crimes they might commit, and whatever other punishment should be imposed was for the legislature to determine. The power of classification which the law-making power possesses has been illustrated by many cases which need not be cited. They demonstrate that the legislature of California did not transcend its power in the enactment of § 246.

*Judgment affirmed.*