In re FABER.

SEABOARD DAIRY CREDIT CORPORATION v. ERICKSON.

No. 6081.

Circuit Court of Appeals, Ninth Circuit.

May 26, 1930.

Rehearing Denied July 7, 1930.

Clement L. Shinn and E. S. Williams, both of Los Angeles, Cal., for appellant.

Kyle Z. Grainger and Russell B. Seymour, both of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

This is an appeal from an order in bankruptcy affirming an order of the referee by which it was declared certain personal property belonged to the bankrupt estate. By a stipulation it was made to appear that at the time of adjudication, June 20, 1929, the

bankrupt, Faber, had in his dairy herd six cows which he had purchased from one Lassalle under a conditional sales contract dated December 14, 1928. The cows were delivered to Faber on that day, and remained in his possession until they came into the hands of the appellee as trustee. The total purchase price was $1,065, of which amount $575 remained unpaid at the date of adjudication, and shortly after the transaction took place Lassalle assigned to appellant, Seaboard Dairy Credit Corporation, the contract, together with all of his interest in the property covered thereby. By the referee and the lower court it was found that the filing of the instrument for record on December 26, 1928, twelve days after it was executed, was not within a reasonable time, and the correctness of this finding is not now challenged.

It is agreed that the effect of such delay is to be adjudged under the California statutes, the only applicable provision of which is section 2980 of the Civil Code, which reads as follows:

"Any conditional sales contract creating or reserving any interest in or lien upon live stock or poultry not in the possession of the person having such interest or lien shall be void against all others than the parties to the agreement unless acknowledged and recorded in the same manner as mortgages on live stock are required to be acknowledged and recorded.

"Sections 2959 and 2965 of the Civil Code, and sections 408, 4130, 4140 and 4300c of the Political Code, are hereby made applicable to conditional sales contracts involving live stock and poultry in the same manner as to mortgages on live stock."

██ Appellant contends that the statute is void as being in contravention of the provisions of both the Fourteenth Amendment to the Constitution of the United States and sections 11 and 21 of article 1 of the California Constitution; and, further, that if valid it operates in this case to render the entire transaction of sale void, and thus leaves title to the property in dispute in the appellant as the assignee of Lassalle.

Under the first head its position is that there is no substantial basis for a classification by which there is imposed upon those who sell live stock or poultry under conditional sales contracts the burden of recording the instruments, while no such burden is imposed upon those who sell other kinds of personal property. But we cannot say that the classification is necessarily arbitrary or capricious. Ordinarily, it is within the exclusive province of the legislative body to determine whether economic and other considerations demand legislation upon a particular subject. Necessarily much latitude must be allowed to the lawmakers; courts cannot always know the peculiar conditions which face the Legislature, and they cannot properly review its conception of the facts or economic considerations upon which the legislation rests. Otis v. Parker, 187 U. S. 606, 608, 23 S. Ct. 168, 47 L. Ed. 323; Central Lumber Co. v. South Dakota, 226 U. S. 157, 162, 33 S. Ct. 66, 57 L. Ed. 164; Orient Insurance Co. v. Daggs, 172 U. S. 557, 562, 19 S. Ct. 281, 43 L. Ed. 552; Fidelity Mut. Life Ass'n v. Mettler, 185 U. S. 308, 325, 22 S, Ct. 662, 46 L. Ed. 922; Finley v. California, 222 U. S. 28, 32 S. Ct. 13, 56 L. Ed. 75; Rast v. Van Deman, etc., 240 U. S. 342, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Zucht v. King, 260 U. S. 174, 177, 43 S. Ct. 24, 67 L. Ed. 194; Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U. S. 649, 661, 43 S. Ct. 651, 67 L. Ed. 1157, 30 A. L. R. 635; James-Dickinson Farm Mtg. Co. v. Harry, 273 U. S. 119, 125, 47 S. Ct. 308, 71 L. Ed. 569; Wallace v. Zinman, 200 Cal. 585, 254 P. 946, 62 A. L. R. 1341; Ex parte Washer, 200 Cal. 598, 254 P. 951; Hellman v. Shoulters, 114 Cal. 136, 147, 44 P. 915, 45 P. 1057. The point is therefore thought to be not well taken.

██ More plausible, we think, would be an argument that the section is void for uncertainty. Read literally, it will be observed the language fully supports the plaintiff's second position. If not recorded, the instrument is void; not any special condition or stipulation, but the contract as a whole. Hence, appellant claims, if the statute was operative at all, the transaction of sale was altogether void and ineffective for any purpose, and therefore, as the assignee of Lassalle, it is the sole owner of the cows with a possible right in the trustee to recover what was paid by the bankrupt from time to time on account of the supposed purchase price. But while we do not know just what the Legislature intended, it must be assumed that such a result was not contemplated. In that view the provision would be self-destructive, and what must have been a major, if not the only, purpose of the enactment would be wholly frustrated. Assuming, as we think we may, that the Legislature intended to protect the public dealing with a vendee in possession, against secret titles and liens, perhaps we can, without unreasonable violence, restrict the operation of the "voiding" clause to that portion

of the contract purporting to retain title in the vendor.

But there are other more perplexing features of uncertainty, and touching them we get no assistance from the decided cases, for in form the legislation seems unique and without precedent. It will be noted that the contract here was in fact recorded long before the appointment of the trustee, and, in so far as appears, it was of record before any right or interest, with which he is officially invested, accrued or was initiated in favor of or by any person. As already observed, the court below found that a delay of twelve days before the instrument was recorded was unreasonable. But of what legal significance is the finding? The statute does not require the instrument to be recorded within a "reasonable" or any specified time, or so condition its validity. Generally, recording requirements are expressly made for the benefit of only those who, without knowledge, deal with one of the parties to the instrument, or in relation to the property affected thereby. But the provision here is without any such limitation.

The contract in question was never wholly void; it was always valid as between the parties thereto. Moreover, at the outset it was fully valid as to all the world, for it was duly acknowledged. When, therefore, did it become void as to all the world, except the parties thereto? Appellee says upon the failure to record and after the lapse of a reasonable time for recording; but the statutes prescribe no such measure or condition. Under appellee's theory a purchaser from Faber of these cows on December 27, 1928, even though the Lassalle contract was then of record, would take complete title entirely free from any lien or right in Lassalle or his assigns, and would do so, though such purchaser may at all times have had actual knowledge of the contract and the record thereof. We do not think the Legislature intended such a result, and are of the opinion that, if the section is not wholly void for uncertainty (a question we do not decide), it should be construed as declaring only that the title retaining stipulation in such a contract is without effect as to third parties unless and until the instrument is recorded, and that it is void as to those, and only those, who deal with one of the parties or in respect to the property during such period of nonrecord. Whether such scope is subject to a further exception in case of actual knowledge on the part of one so dealing, we need not determine.

Certainly, if we have regard for the reasons underlying the legislation, the provision should not be interpreted as having a broader scope than we have indicated, and, inasmuch as in any possible practical view some liberties must be taken with the text, we are inclined to think that, if valid at all, the provision should be given this construction.

It not being shown that any right or interest now represented by the trustee accrued or was initiated during the nonrecord period, the trustee took possession of the cows subject to appellant's claim for the balance remaining due on account of the purchase price, and this balance, with interest, he will be directed to pay appellant out of the proceeds of the sale of the property, which was made pursuant to a stipulation contemplating the possibility of such an outcome.

Reversed, with directions for further proceedings not out of harmony herewith.