[Civ. No. 5715. Third Appellate District.—June 21, 1937.]

R. B. WHEELER, Respondent, v. WARREN A. KRANER et al., Defendants; SURETY FINANCE SERVICE CO. (a Corporation), Appellant.

[Civ. No. 5716. Third Appellate District.—June 21, 1937.]

CROSS LUMBER COMPANY (a Corporation), Respondent v. WARREN A. KRANER et al., Defendants; SURETY FINANCE SERVICE CO. (a Corporation), Appellant.

F. M. Ostrander for Appellant.

Louis T. Milburn and J. R. Lazarus for Respondents.

Ralph Leon Isaac, Arthur P. Shapro and Harold A. Block as *Amici Curiae* on Behalf of Respondents.

PLUMMER, J.—The proceedings in the above-entitled cases involve the constitutionality of section 2980 of the Civil Code, in so far as the same relates to conditional contracts covering the sale of equipment and machinery used or to be used for mining purposes, and arises out of a third party claim to such property taken under an attachment

process to satisfy the claims of creditors which were created during the time the property involved was in possession of the debtor-buyer, the conditional sales contract not being recorded. The court held that the claims of the creditors were superior to that of the seller under the conditional contract of sale.

The record shows that on or about the 11th day of July, 1935, certain equipment and machinery were sold under a conditional contract, title to remain in the seller until the purchase price had been fully paid. The machinery and equipment were such as could be used, and which were actually used for mining purposes, even though it is admitted that such equipment and machinery might also be used for other purposes.

 Upon this appeal it is insisted on the part of the third party claimant that section 2980, *supra,* is void as being in contravention of sections 11 and 21 of article I of the state Constitution, in that there is no reasonable basis for classifying equipment and machinery used or to be used for mining purposes, separate and distinct from other chattels, sold on conditional contracts, and that the giving of creditors a right to attach such property, when the conditional contract of sale was unrecorded, constituted the giving of an unlawful preference to creditors dealing with the buyer of mining equipment and machinery under a conditional contract of sale.

Section 2980, *supra,* was enacted in 1927, and has been amended a number of times. As originally adopted it referred only to conditional contracts of sale covering livestock or poultry. The next amendment made the section cover livestock and animate chattels. In 1933 the legislature amended the section so as to cover equipment and mining machinery used and to be used for mining purposes. Since that date the section has been further amended, but the questions here involved arise under the section as it stood in 1933. The constitutionality of the section as it stood prior to 1933 amendment was involved in the case of *Seaboard Dairy Credit Corp.* v. *Erickson,* 41 Fed. (2d) 726. In that case the Circuit Court of Appeals for the Ninth Circuit held that the section was constitutional, but did indicate that the section as it then read was void for uncertainty. The constitutionality of the classification, however, was upheld, and

to that extent the decision may be considered as authority for the conclusions hereinafter reached.

Section 2980, *supra*, so far as involved herein, provides as follows: Every contract of conditional sale of equipment and machinery used or to be used for mining purposes shall be recorded (within twenty days) in every case, in the county where the property is situate; otherwise, it shall be void as to the interest of the seller against *bona fide* purchasers and encumbrances and those having no actual knowledge of the contract while said property is in possession of the buyer.

In 1931 the validity of section 2980, *supra*, was considered by the Supreme Court in the case of *Seaboard Acceptance Corp.* v. *Shay*, 214 Cal. 361 [5 Pac. (2d) 882]. In that case the Supreme Court followed the language used by the Circuit Court of Appeals and held that the section as it then stood was void for uncertainty. The constitutionality of the section was not expressly passed upon, but inferentially it does appear that the Supreme Court was in accord with the views of the Circuit Court of Appeal in upholding the constitutionality of the section as it then read.

In the Shay case the court took occasion to make five recommendations in order to clear up the uncertainty of the section. Those recommendations called for the insertion in the statute of the following provisions:

1. The voiding provision must be limited to the clause reserving title in the seller;

2. There must be inserted a provision that the contract must be recorded within a reasonable time;

3. There must be inserted a provision that only those dealing with the buyer during the period of nonrecordation are protected;

4. There must be inserted a provision that only those acting in good faith are protected;

5. There probably would have to be inserted a provision limiting the application of the statute to those dealing with the buyer and excluding those dealing with the seller.

Following this decision the legislature in 1933, as we have stated, amended the section, and in following the recommendations of the Supreme Court, also inserted the provision making the section applicable to machinery used or to be used for mining purposes.

The constitutionality of the section referred to being, as we think, upheld, the only question remains as to the pro-

priety and legality of the classification. A survey of the cases reveals that mining has been held a proper subject for classification, and that liens giving to laborers in mines, claims for wages where liens are not given to other laborers, is a proper classification.

In the early case of *Quale* v. *Moon*, 48 Cal. 478, the contention was made that the act giving a lien to miners and to laborers working upon miner's claim, but not giving a lien to engineers upon railroads or laborers in factories, violated the provision of the Constitution relied upon in this case, which reads: "All liens of a general nature shall have a uniform operation." The court held that the section of the Constitution was not violated. If the classification is reasonable and the authorities are practically unanimous in holding that the classification is a subject entirely within the control of the legislature, it is the duty of the court to uphold the same. That there is a reason for classifying equipment and machinery used for mining purposes is clearly apparent. Such machinery or equipment is either in place or confined in its use to a limited locality, and especially for the development of property which is entirely different in its characterizations from that of any other kind of property. Viewed as real estate, mining property is entirely distinct and separate in its characterizations from any other property classified as real estate. The object, of course, of the legislature was and is to protect persons dealing with operators of mining property when the equipment and machinery used thereon is bought on conditional sales contract.

The questions presented to us upon this appeal have been learnedly considered and set forth in the case of *In re Great Western Petroleum Corp.*, by the District Court, Southern District of California, 16 Fed. Supp. 247. While, as suggested, the opinion of the District Court in that case is not binding upon us here, if our views of the law are in accord therewith, we are privileged to adopt the language there used as being what we deem a clear and explicit declaration of the law, controlling in this case. For that purpose we adopt as our own the language of the learned judge there used: "Equipment and machinery used in mining operations are usually attached to the premises either underground or on the surface. In many instances they become, after installation, an integral part of a complicated machinery set-up. For that reason section 661 of the California Civil Code

makes certain equipment used in mining, proper fixtures. But whether they become legally, fixtures or not, persons dealing with a mining or oil operator may be misled by appearances as to the ownership, and acquire an interest in equipment and machinery, or extend credit in a manner in which one acquiring an interest in ordinary personal property would not be. The very size of the ordinary type of mining machinery, the fact that it may be a part of other equipment forming a whole, might lead the unwary to assume that it had become a part of the real property or oil operation in which it is used.

"So that the legislature had a reasonable ground for extending the benefits of section 2980 to equipment and machinery used for mining purposes. The classification is not violative of the due process clause of the fourteenth amendment to the Constitution of the United States, or of section 11 of article I of the Constitution of California, which provides that 'all laws of a general nature shall have a uniform operation'. Because of its unique nature, mining has been held a proper subject of classification. (*Quale* v. *Moon,* (1874) 48 Cal. 478; *In re Martin,* (1909) 157 Cal. 51 [106 Pac. 235, 26 L. R. A. (N. S.) 242]; and see, *In re Miller,* (1912) 162 Cal. 687 [124 Pac. 427], affirmed in *Miller* v. *Wilson,* (1912) 236 U. S. 373 [35 Sup. Ct. 342, 59 L. Ed. 628, L. R. A. 1915F, 829]; *In re Spencer,* (1906) 149 Cal. 396 [86 Pac. 896, 117 Am. St. Rep. 137, 9 Ann. Cas. 1105]."

Reference to similar cases making classifications might be cited, but what we have set forth, including the quotation from the opinion found in the Great Western Petroleum case, seems to us so conclusive as to render further citation unnecessary.

This opinion and the order for judgments is intended to include the case of *R. B. Wheeler* v. *Kraner et al.,* and also the case of *Cross Lumber Co.* v. *Kraner et al.,* both cases being presented upon one set of briefs.

The judgments are affirmed.

Thompson, J., and Pullen, P. J., concurred.