## UNITED STATES v. FOSTER.

### No. 9670.

Circuit Court of Appeals, Ninth Circuit.

Oct. 24, 1941.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., and Francis M. Shea, Asst. Atty. Gen., and Robert Kaplan, Atty. Dept. of Justice, of Washington, D. C., for appellant.

E. S. Mitchell, of Eureka, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant, plaintiff below, brought an action against Emma G. Foster to recover damages for an alleged conversion of ten

---

[11] Okl.Stat.1890, Sec. 3306, R.L.Okl. 1910, Sec. 3839, Okl.Stat.1931, Sec. 10952, Title 42 Okl.St.Ann. § 18, Comp. Laws, Dak.Terr.1887, Sec. 4338.

head of cattle. The complaint alleged that Harvey Hopper and Mabel Hopper, his wife, as mortgagors, had executed and delivered to the plaintiff, as mortgagee, on April 29, 1938, a chattel mortgage covering crops, certain described farming equipment, and certain described livestock, located on premises occupied by the Hoppers, also described; that the livestock described included ten head of cattle, named and identified; that the debt secured by the chattel mortgage was in default; that the defendant, on or about May 24, 1938, took possession of said ten head of cattle and refused to surrender and deliver the same to the plaintiff. The mortgage, made a part of the complaint by reference, was acknowledged and recorded in the county of the state of California wherein the premises were situated, and subjects of the mortgage were located. The answer specifically denied unlawful conversion, admitted refusal to surrender the cattle to plaintiff, denied that the Hoppers were the owners of the cattle or entitled to the possession thereof; and denied all other material allegations of the complaint for lack of information.

The action was tried to the court sitting without a jury, which found for the defendant, and entered findings of fact and conclusions of law. The court found that the Hoppers executed and delivered the chattel mortgage as alleged; that the Hoppers were not the owners nor entitled to the possession of the ten head of cattle; that defendant Foster was at all times the owner of the said ten head of cattle and entitled to the possession thereof; that Harvey Hopper and Mabel Hopper had no right whatever in said stock, other than a possessory right; that the ten head of stock described in the complaint were at all times the property of defendant Foster; that any lien plaintiff may have had in said stock was subject to the title, ownership, and right of possession of the defendant; that "all of the allegations of the Defendant's Answer are true and sustained by the evidence"; that no conversion occurred and defendant was entitled to possession of said stock, both against the plaintiff and against the Hoppers.

Judgment was entered in favor of the defendant pursuant to the findings, and the plaintiff appeals. The appellant inquires, "Is a Farm Security Administration mortgage of livestock, executed in consideration of the extension of an earlier mortgage, valid as against the vendor of the livestock who obtained from the vendee a note containing a provision that title to the livestock was to be retained as security, but who never recorded the agreement?" And, in answer to its own question, the appellant asserts, "Since the alleged contract was one of conditional sale and was not recorded, and since the Government had no actual notice of the same, the case should have been decided in favor of appellant."

The case is before us on an agreed statement of facts, which reads as follows.

"The United States Government loaned to Hopper $1637.00, taking a mortgage on certain farm equipment and stock owned by the said Hopper. That after such mortgage was given, the Hoppers rented lands belonging to the defendant, adjoining those on which he was running and pasturing the mortgaged stock. About the same time he rented the Foster Ranch he purchased nine [ten?] head of cows from defendant. That the reasonable value of said cows was $50.00 a head, at all times mentioned in the complaint. That these cows were delivered to the said Hopper by opening the gate between the Foster property and the Hopper property, and pasturing them with the cattle theretofore owned by Hopper. That at the time of purchase, as security for the payment of the purchase price, the Hoppers executed a promissory note and inscribed in the left hand corner thereof, the following statement: 'Title retained until note paid,' or words to that effect. That after Hopper obtained possession of the cattle, executing said note and retaining title as security for the purchase price, the Hoppers executed a second mortgage to the Government in the same sum of $1637.00, including in said mortgage the cattle to which they had not received title and which title had remained in Foster. That from the time of the purchase of said cattle to the time of recovering possession, Foster had received nothing on the purchase price, and the Hoppers and the Government had received the benefits of the products from said cattle. That at about the time mentioned in the complaint, Foster, with the help and consent of Hopper, segregated their cattle, terminated the lease, and took possession of said dairy cows by closing the gate between the two places. Thereupon the action was filed by the Government for conversion of the cattle.

"That the above mentioned chattel mortgage was executed by Harvey Hopper and

Mabel Hopper, his wife, on or about the 29th day of April, 1938, acknowledged before a notary public May 2, 1938, and duly recorded in the office of the County Recorder in and for the County of Humboldt on the 2nd day of May, 1938, in Book 9 of Chattel Mortgages, page 143, Records of Humboldt County.

"That on May 24, 1938, said defendant, without the consent of plaintiff, * * * did take possession of said livestock to the exclusion of the plaintiff; and the defendant has ever since exercised exclusive dominion over same and at all times has refused to surrender possession thereof.

\* \* · \* \* \* "

The argument of appellant is based upon the theory that the transaction between appellee and the Hoppers resulted in a conditional sale of the cattle to the Hoppers and that the conditional sales contract was not recorded and, therefore, was void as to subsequent encumbrancers, i.e., the appellant, under § 2980 of the Civil Code of California, governing conditional sales of animals. Assuming, without deciding, that the transaction between appellee and the Hoppers actually was a conditional sale of the animals to the Hoppers, there is no recitation in the statement above that the "contract" was not recorded, and the assertions of appellant to that effect are not borne out by the record before us, which is silent on this subject. Again, it does not appear anywhere in the record that appellant actually did not have notice of the fact that the title to the cattle was in Foster. Compare Western Machinery Co. v. Graetz et al., 42 Cal.App.2d 296, 108 P.2d 711. See also, with particular reference to bona fides, Seaboard Dairy Credit Corp. v. Erickson, 9 Cir., 41 F.2d 726, 728, and Seaboard Acceptance Corp. v. Shay, 214 Cal. 361, 368, 5 P.2d 882, decided prior to the amendment of the statute in 1933, and Wheeler v. Kraner et al., 21 Cal.App.2d 460, 462, 69 P.2d 881, handed down subsequently thereto.

■■ The "statement of facts" in the record is so obscure, uninformative and incomplete as utterly to prohibit a decision by this court to the effect that the findings were not based upon sufficient substantial evidence. The appellant has failed to bring before us such a record as would compel an overthrow of the findings made below, and the presumption of correctness which attaches to the findings made by a trial court is sufficient to withstand an attack of the sort here made, upon an obviously in-

complete record. It cannot be said that the findings·are "clearly erroneous." Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. If there was evidence to support findings contrary to those made by the court, it is not in the record before us, and the· responsibility therefor rests with the appellant upon whom weighed the burden of presenting to this court a proper record. Moreover, it is stipulated by the parties that the "statement of the case" which has heretofore been set out "is a correct summary of the testimony introduced in the trial of the above entitled matter."

The judgment of the court below is affirmed.