STATE, Respondent v. KING, et al., Appellants

(149 N.W.2d 509)

(File Nos. 10360, 10361.  Opinion filed March 27, 1967)

**Robert L. Jones,** Sioux Falls, for defendants and appellants.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, **Roger Schiager,** State's Atty., Sioux Falls, for plaintiff and respondent.

ROBERTS, Judge.

Appellants, Willard King and Larry Lovell, were tried together upon separate informations charging them with escape. At issue is the validity of the provisions of SDC 1960 Supp. 13.1226 providing:

> "Every prisoner confined in the State Penitentiary for a term of less than life, or held as a prisoner there under any means of lawful custody whether sentenced or not, who escapes or attempts to escape therefrom, is punish-

able by imprisonment in such Penitentiary for a term not exceeding five years. If such prisoner is confined therein under sentence of imprisonment, his sentence on conviction for such escape shall commence at the expiration of the original term of his imprisonment."

The information in each action charged that defendant while confined in the State Penitentiary "for a term of years less than for life" did unlawfully and feloniously escape from the custody of the penitentiary officials. After trial defendants were found guilty and sentenced to the State Penitentiary for terms of one year commencing at the expiration of their present terms.

It is contended that the statute in question denies to defendants the equal protection of law guaranteed by the Fourteenth Amendment of the Constitution of the United States and violates the provisions of Section 18, Article VI of the Constitution of this state declaring that no law shall grant to any citizen privileges or immunities which upon the same terms shall not equally belong to all citizens. The contention is that these constitutional protections are denied by the statute in question because it limits the class of prisoners to those who are sentenced to terms for less than life and fixes a penalty upon them for escaping when no penalty is provided for prisoners sentenced for life.

■■ Equal protection of the law requires that the rights of every person must be governed by the same rule of law under similar circumstances and, in the administration of criminal justice, the imposition of different punishments or different degrees of punishment upon one than is imposed upon all for like offenses is a denial of such right. Moore v. State of Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; Hawker v. State of New York, 170 U.S. 189, 18 S.Ct. 513, 42 L.Ed. 1002; Finley v. People of State of California, 222 U.S. 28, 32 S.Ct. 13, 56 L.Ed. 75; Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43. It is clear, however, that the legislature in prescribing and fixing punishment for crime has a wide latitude of discretion in classification of offenders. 16A C.J.S. Constitutional Law § 564. As stated in Skinner v. State of Oklahoma, ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655,

"* * * a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment." In sustaining a conviction under a statute prescribing a death penalty for commission of assault with intent to kill and a lesser punishment for other convicts the court in Finley v. California, supra, stated, "It is elementary that the contention is to be tested by considering whether there is a basis for the classification made by the statute. Applying that test, we see no error in the ruling. As said by Mr. Justice Henshaw, delivering the opinion of the court, 'The classification of the statute in question is not arbitrary but is based upon valid reasons and distinctions (People v. Finley, 153 Cal. 59, 94 P 248).' And pointing out the distinction between life prisoners and other convicts, he said that 'the "life termers," as has been said, while within the prison walls, constitute a class by themselves,—a class recognized as such by penologists the world over. * * * Their situation is legally different. Their civic death is perpetual.' Manifestly there could be no extension of the term of imprisonment as a punishment for crimes they might commit, and whatever other punishment should be imposed was for the legislature to determine."

In the case of In re Woofter, 134 Cal.App. 580, 25 P.2d 859, the defendant undergoing a sentence of less than life was charged with the crime of escape. At the time of appellant's conviction, Section 106 of the California Penal Code read in part as follows: "Every prisoner committed to a state prison for a term less than for life, who escapes or attempts to escape * * * is guilty of a felony and on conviction thereof the term of imprisonment therefor shall commence from the time such convict would otherwise have been discharged from said prison." The contention was made that there was no reason under the statute for classifying prisoners as those who are sentenced for less than life, and fixing an additional penalty upon them for escaping or attempting to escape, when no penalty was provided for prisoners sentenced for life. The court sustained the classification upon the basis that no additional term of imprisonment to begin at the expiration of his original term could actually be inflicted upon a life termer. See People v. Hayes, 9 Cal.App.2d 157, 49 P.2d 288; People v. Cowen, 20 Cal.App.2d 674, 67 P.2d 737.

■ Counsel for appellant argues that there is no proper basis for the classification for the reason that a pardon or commutation may terminate the sentence of a life termer and release him from prison before his life ends; that if the law prescribed the imposing of a consecutive term of imprisonment upon a life termer who escapes commencing upon the earlier ending of the life sentence by pardon or commutation he would become subject to the term for escape upon expiration of the life term by executive clemency. A pardon or commutation is a privilege and not a right and, as a practical matter, the fact of an escape by a life termer would be a material aspect in determining when, if ever, the prisoner would merit executive clemency. In determining the validity of a classification for legislative purposes, it is not a question whether facts judicially known appear to favor a different classification. The court will not concern itself with the expediency of a legislative measure. We conclude that the statute under consideration does not violate the equal protection provisions of the federal and state constitutions.

Judgments affirmed.

All the Judges concur.

BANDY, Circuit Judge, sitting for RENTTO, J., not participating.