STATE, Respondent v. BURKE, Appellant

(201 N. W. 2d 234)

(File No. 11088.  Opinion filed October 6, 1972)

**William J. Srstka,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

**Gordon Mydland,** Atty. Gen., and **Walter W. Andre,** Asst. Atty. Gen., Pierre, were on the brief; **Russell D. Kading,** Sioux Falls, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant was convicted of escape from a prison other than the state penitentiary — a crime under SDCL 24-12-2.

■ ■ After the jury had been selected and sworn the state moved to endorse the names of two additional witnesses, who were penitentiary guards, to the three names then on the information, which included the names of two other guards, as required by SDCL 23-20-4. Over defendant's objection stating surprise, that these names were well known to the state at the time of filing the information and that the defense was based on the testimony which could be given by the witnesses whose names were endorsed on the information, the court granted the request. It appears these two witnesses had testified for the state at the preliminary hearing and that their names had been inadvertently omitted. Defendant's counsel admitted he knew what the two witnesses had testified to and the state's attorney then stated they would testify the same as they had testified at the preliminary hearing. The ruling on such motions is largely within the discretion of the trial court, and unless an abuse of the court's discretion or bad faith of the state's attorney results in substantial prejudice to defendant, the ruling is not erroneous or grounds for reversal. State v. Rober, 1972, 86 S.D. 442, 197 N.W.2d 707. Under this record postponement of trial was properly denied.

SDCL 24-12-2 provides a maximum penalty of two years for this offense. Defendant and one Fischer were jointly charged with the crime. Fischer pled guilty and was sentenced for a term of 60 days; defendant pled not guilty, was tried and found guilty by a jury and was sentenced for a term of one year. Citing State v. King, 82 S.D. 514, 149 N.W.2d 509, defendant claims he was denied equal protection of the law. In King the court had under consideration the validity of SDCL 24-12-1 (then SDC 1960 Supp. 13.1226) which provides that a prisoner confined in the state penitentiary for a term of less than life, who escapes or attempts to escape therefrom, is punishable by imprisonment for a term not exceeding five years. One of the claims made was denial of equal protection of the law as it punished those under sentence of less than life but not those sentenced for life. As applicable to a legislative act, the court said equal protection requires the rights of every person to be governed by the same rule of law under similar circumstances, and the imposition of different punishment upon one than is imposed on all for like offenses is a denial of that right. It then stated the legislature in prescribing and fixing punishment for crime has a wide latitude of discretion in class-ification of offenders and sustained the statute.

Two recent opinions of the court discuss the question at bar. In State v. Goodale, decided May 24, 1972, 86 S.D. 458, 198 N.W.2d 44, the court quoted from the King opinion and then from State v. Williams, 84 S.D. 547, 173 N.W.2d 889, as follows:

" 'The sentencing judge exercises a broad discretion in determining the kind and extent of punishment to be im-posed within limits fixed by statute and sentences within such limits are not reviewable on appeal.' "

More recently to the same effect is State v. Connor, 86 S.D. 578, 199 N.W.2d 695. The little record here consists of the testimony of defendant that he had been convicted of five felonies and a state-ment by the trial judge, when codefendant Fischer was sentenced on his plea of guilty, which indicates Fischer had only one prior felony. Upon that record the sentence is not subject to the equal protection claim.

■ The court directed that defendant's one-year sentence was to be consecutive to the sentence he was then serving; in other words, it was to commence at the expiration of the original term of his imprisonment. This was pursuant to SDCL 24-12-2 which states:

> "Every prisoner confined in any prison other than the state penitentiary, or in the custody of any officer or person as a prisoner at any place, who escapes therefrom is punishable by imprisonment in the state penitentiary not exceeding two years or in a county jail not exceeding one year. If such prisoner is under sentence of imprisonment at the time of such escape, his sentence on conviction of such escape shall commence at the expiration of the original term of his imprisonment."

SDCL 23-48-22 provides:

> "If the defendant has been convicted of two or more offenses before judgment on either, the judgment may be that the imprisonment on any one may commence at the expiration of the imprisonment upon any other of the offenses."

Defendant claims there is a conflict between these two sections and the court erred in pronouncing the sentence as directed by SDCL 24-12-2; this section is the specific statute which applies to defendant's situation and is a classification over which the legislature has a wide latitude under the reasoning of State v. King, supra.

Affirmed.

All the Judges concur.