STATE of South Dakota, Plaintiff and Appellee,

v.

Dwight CLOUD, Defendant and Appellant.

No. 13568.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 26, 1982.

Decided Sept. 15, 1982.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeff Larson of Dakota Plains Legal Services, Sisseton, for defendant and appellant.

PER CURIAM.

Appellant, Dwight Cloud, was convicted of third degree burglary and sentenced to three years in the South Dakota penitentiary. We affirm.

On December 18, 1980, appellant was seen removing an item from the box of a pickup that owner Jim Pitzel had parked by a Sisseton pub. The pickup box had regular sidewalls, but no sideboards; the tailgate was in an upright position. Pitzel, who discovered several items missing from the pickup box, had not given anyone permission to remove any item from the pickup box. The missing items were later found in an automobile operated by appellant. For the purposes of this appeal, the parties have stipulated that appellant did remove items from the uncovered box of the pickup truck without Pitzel's permission.

The single issue on appeal is whether appellant's reaching into the open, uncovered box of the pickup truck constitutes entry of a "structure" under SDCL 22–32–8.*

SDCL 22–32–8 provides:

Any person who enters or remains in an unoccupied structure, with intent to commit any crime therein, is guilty of third degree burglary. Third degree burglary is a Class 4 felony.

---

* Appellant does not dispute the definition of entry. See *State v. Peck,* 82 S.D. 561, 150 N.W.2d 725 (1967).

An unoccupied structure is "any structure which is not an occupied structure." SDCL 22–1–2(47). A structure, as defined by SDCL 22-1-2(46) is:

> . . . any house, building, outbuilding, motor vehicle, watercraft, aircraft, railroad car, truck, trailer, tent, or other edifice, vehicle or shelter, or any portion thereof;

The common characteristic of the structures enumerated in SDCL 22–1–2(46), according to appellant, is enclosed space. Because the pickup box in question did not have a physically confining outside barrier, appellant argues that it cannot be protected by the burglary statute.

■■■ We disagree. . Motor vehicles, trucks, trailers, vehicles and *any portion thereof* constitute structures under SDCL

22–1–2(46) and, when unoccupied, receive protection under South Dakota's third degree burglary statute. SDCL 22–32–8. The legislature manifested its intention to protect more than enclosed structures by including "any portion thereof" in its definition of structure. We are convinced that this definition of structure includes the open box of a pickup truck.**

The judgment is affirmed.

---

** Two other jurisdictions have dealt with the issue of whether entry into a pickup box constitutes burglary under their respective statutory schemes. In Colorado, "when defining the crime of entering 'without breaking any motor vehicle' the General Assembly intended to include the box part, as well as the cab, of a pickup." *People v. Romero,* 179 Colo. 159, 162, 499 P.2d 604, 606 (1972). The Supreme Court of Nevada, in *Smith v. First Judicial District Court,* 75 Nev. 526, 529, 347 P.2d 526, 528 (1959) was "compelled to reject respondents' contention that to hold one's hand over the platform body of a truck with intent to commit larceny is the entry of a vehicle."