**STATE of South Dakota, Plaintiff and Appellee,**

v.

**James SECREST, Defendant and Appellant.**

**No. 13593.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 7, 1982.

Decided March 30, 1983.

Richard Dale, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Michael B. Crew, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

This appeal arises from a third-degree burglary conviction and a habitual offender conviction. We affirm.

Shortly before midnight on May 8, 1981, Randy and Nancy Sigler, observed from their car a man sticking his hand in a window of the Army Surplus Store in Sioux Falls, South Dakota. They drove down the street and as they turned around they saw the man walk around the corner of the surplus store carrying two new pair of boots. As Siglers' car approached the store again, they watched the man for approximately thirty seconds. Although Siglers were able to identify the man's clothing, they were unable to see his face. Mr. Sigler then reported the burglary. After arriving at the scene, the investigating police officers discovered sales tags from two pairs of boots, one pair of new boots and one pair of used shoes near the surplus store. One of the sales tags matched the

new boots; the other sales tag belonged to "banana boots." During the investigation, James Secrest, appellant (Secrest), walked near the store. One of the officers noticed that he was wearing banana boots and that the paint on his pants matched the paint on the used shoes found near the surplus store. After talking with Secrest, the officer arrested him for the burglary.

Secrest was found guilty by a jury of burglary in the third degree and subsequently, the court found him guilty of being an habitual offender and sentenced him to twenty-five years in the South Dakota State Penitentiary. Secrest appeals, claiming that South Dakota's third-degree burglary statute violates the equal protection clause of the United States Constitution.

█ The United States Constitution, Amendment 14, provides, in pertinent part:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process of law, *nor deny to any person within its jurisdiction the equal protection of the laws.*

U.S. Const. amend. XIV, § 1 (emphasis supplied). The Equal Protection Clause as provided in the South Dakota Constitution, states:

No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations.

S.D. Const. art. VI, § 18. As provided in our federal and state constitutions, the Equal Protection Clause requires that every person's rights must be governed by the same rule of law under similar circumstances and, in administering criminal justice, imposing different punishments or different degrees of punishment upon one person than is imposed upon all others for like offenses is a denial of such right. *State v. King,* 82 S.D. 514, 149 N.W.2d 509 (1967). *See Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43 (1937); *Finley v. State of California,* 222 U.S. 28, 32 S.Ct. 13, 56 L.Ed. 75 (1911); *Hawker v. State of New York,* 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898); *Moore v. State of Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895).

Secrest was convicted of third-degree burglary. The third-degree burglary statute, SDCL 22–32–8, provides: "Any person who enters or remains in an unoccupied structure, with intent to commit any crime therein, is guilty of third degree burglary. Third degree burglary is a Class 4 felony." The maximum punishment for a Class 4 felony is ten years in the penitentiary and a $10,000 fine. SDCL 22–6–1(6). Secrest claims the same conduct prohibited by the third-degree burglary statute, SDCL 22–32–8, is also prohibited by the unlawful entry statute, SDCL 22–32–16. That statute, SDCL 22–32–16, provides: "Any person who, under circumstances not amounting to burglary, enters a structure with intent to commit any crime is guilty of a Class 1 misdemeanor." The maximum penalty for a Class 1 misdemeanor is one year in a county jail and a $1000 fine. SDCL 22–6–2(1). Secrest argues because these statutes * prohibit "identical" conduct with

---

* We note that this is the first time we have addressed both of these specific statutes, SDCL 22–32–8 and 22–32–16. Although burglary and unlawful entry statutes have previously been before us under the issue of lesser-included offenses, these previous cases dealt with either the predecessor statutes, *State v. O'Connor,* 265 N.W.2d 709 (S.D.1978); *State v. Kafka,* 264 N.W.2d 702 (S.D.1978); *State v. Celli,* 263 N.W.2d 145 (S.D.1978); *State v. Myott,* 246 N.W.2d 786 (S.D.1976); *see United States v. Two Bulls,* 577 F.2d 63 (8th Cir.1978), or with the first-degree burglary statute, SDCL 22–32–1. *State v. Poss,* 298 N.W.2d 80 (S.D.1980);

*State v. Wilson,* 297 N.W.2d 477 (S.D.1980). Due to the substantial revision of the Criminal Code in 1976 and the indisputably separate elements of the first-degree burglary statute, these cases are clearly distinguished from the case at hand.

Additionally, this court has reviewed the present third-degree burglary statute, SDCL 22–32–8, in *State v. Blair,* 273 N.W.2d 187 (S.D.1979), *State v. Erdmann,* 292 N.W.2d 97 (S.D.1980), and in *State v. Cloud,* 324 N.W.2d 287 (S.D.1982). *Blair, supra,* and *Erdmann, supra,* discussed the issue whether SDCL 22–32–8 requires unauthorized entry. We held

different penalties, that two individuals committing identical acts may receive different punishments. Accordingly, he contends these statutes violate the equal protection clause.

The Fourteenth Amendment Equal Protection Clause prohibits selective enforcement "based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453. *See State v. O'Connor,* 265 N.W.2d 709 (S.D.1978). To avoid prosecution for a criminal offense upon equal protection grounds, a defendant must show that the government exercised selective enforcement of the law upon an invidious discriminatory basis. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, *reh. den.* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978); *United States v. Chagra,* 669 F.2d 241 (5th Cir.1982); *United States v. Amon,* 669 F.2d 1351 (10th Cir.1981); *Harrington v. United States,* 673 F.2d 7 (1st Cir.1982); *State v. Bartlett,* 210 Neb. 886, 317 N.W.2d 102 (1982); *State v. Karpinski,* 92 Wis.2d 599, 285 N.W.2d 729 (1979).

In support of this contention, Secrest cites *State v. Pirkey,* 203 Or. 697, 281 P.2d 698 (1955). In *Pirkey,* the Oregon Supreme Court reviewed a statute which authorized the prosecution of insufficient funds checks as either a felony or misdemeanor to be determined by the grand jury or the magistrate. The Oregon Court apparently found the defendant was discriminated against since he was a "person or . . . [member of a class] in a criminal case." *Id.* at 702, 281 P.2d 698. Since the statute did not provide standards by which to determine when an accused is to be charged with a felony or a misdemeanor, the Oregon court held the statute unconstitutional as a violation of equal protection.

We note that *Pirkey* was decided prior to *United States v. Batchelder, supra,* where the Supreme Court addressing similar constitutional questions held federal statutes valid. In *Batchelder,* the Court recognized the long-standing rule that when an action violates two criminal statutes, the government may prosecute under either, providing it does not discriminate against any class of defendants. *See Oyler v. Boles, supra, United States v. Naftalin,* 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979). Although what charges to file are matters within a prosecutor's discretion, *Bordenkircher v. Hayes, supra; United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), such selection is, of course, subject to constitutional restraints such as the equal protection clause. *United States v. Batchelder, supra; United States v. Amon, supra.* Further, the fact that a prosecutor may be influenced by the penalties available for the charges does not alone give rise to a violation of the Equal Protection Clause. *United States v. Batchelder, supra; Oyler v. Boles, supra.* To demonstrate a violation of the Equal Protection Clause, a defendant must prove selective enforcement based upon an arbitrary classification such as race, sex or religion. After the Supreme Court's decision in *Batchelder,* the Oregon Supreme Court in *City of Klamath Falls v. Winters,* 289 Or. 757, 619 P.2d 217 (1980), stated that the United States Supreme Court in *Batchelder* apparently disagreed with the reasoning in *Pirkey.*

We have also interpreted our state's equal protection clause as prohibiting selective enforcement based upon an unreasonable or arbitrary classification. *Berens v. Chicago, Milwaukee, St. Paul & Pacific R. Co.,* 80 S.D. 168, 120 N.W.2d 565 (1963). In *Berens* we held that "where the legislature exercises its police power, and a classification is made that is reasonable and not arbitrary, there is no denial of equal protection of the laws." 80 S.D. at 174, 120

that consent to enter is irrelevant in the charge of third-degree burglary. In *Cloud,* we discussed that the open uncovered box of a pickup truck constitutes a "structure" as an element of third-degree burglary. The unlawful entry statute, however, was not raised in *Blair, Erdmann,* or *Cloud.*

N.W.2d at 569. Similarly, in *State v. King*, 82 S.D. 514, 149 N.W.2d 509 (1967), we held a classification within a criminal statute reasonable. The statute we reviewed in *King* made the offense of escape or attempt to escape by one imprisoned for term less than life punishable by imprisonment for not more than five years. Although no penalty was provided for a prisoner sentenced to life, we held the classification was reasonable since a pardon or commutation of a life sentence is a privilege, not a right and that "an escape by a life termer would be a material aspect in determining when, if ever, the prisoner would merit executive clemency." 82 S.D. at 518, 149 N.W.2d at 511. We further noted that in determining the legislative purpose of this classification, this court would not concern itself with the expediency of a legislative measure. In *Berens, supra*, and *King, supra*, this court reviewed the statutes under the United States' and South Dakota's Constitutions and concluded that neither statute violated the equal protection provisions. In the present case, we are deciding the equal protection issue under both the federal and state constitutions.

Secrest does not state that the prosecutor's decision to charge him with third-degree burglary was deliberately based upon an unjustifiable standard or classification. Secrest merely points to the possibility of selective enforcement as the basis for his claim of violation of equal protection. Since the conscious exercise of selective enforcement is not in itself a constitutional violation, *Oyler v. Boles, supra; United States v. Batchelder, supra*, and Secrest does not claim nor is there apparent from the facts before us, any unjustifiable standard or classification used in this selective enforcement, we conclude that the statutes before us do not violate the federal and state constitutional guarantee of equal protection.

We affirm.

All the Justices concur.