■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MACIO ENNIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 14, 1970, convicting him of burglary in the third degree and other crimes, upon a jury verdict, and imposing concurrent sentences. Judgment modified, on the law and the facts, (1) by reversing the conviction of burglary in the third degree and the sentence imposed thereon; (2) by dismissing the first count (burglary), and (3) by reducing the sentence for unlawful imprisonment in the second degree from four years to one year. As so modified, judgment affirmed. In our view, defendant's conviction of burglary in the third degree must be reversed. It appears from the record that his entry into the apartment building in question through the basement was licensed or privileged, because the premises were then open to the public. Since the People neither pleaded nor proved the absence of a license or privilege to enter the building, and there was certainly no proof that defendant had defied any lawful order not to enter or remain, the evidence was insufficient to sustain the burglary conviction. The fact that defendant may have entered with criminal intent did not extinguish his otherwise existing license to enter

(*People* v. *Brown*, 25 N Y 2d 374, 376). We also note that the sentence imposed upon the conviction for unlawful imprisonment in the second degree was erroneous. That crime .constitutes a ˙ Class A misdemeanor, for which the maximum permissible term is one year (Penal Law, §§ 70.15, 135.05). Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.