■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JONES, Appellant.—Judgment entered in the Supreme Court, New York County, on December 21, 1973 convicting the defendant of two counts of burglary in the second degree and one count of assault in the second degree and sentencing him to concurrent indeterminate terms of imprisonment not to exceed six years for each of the burglary convictions and a concurrent three-year term for the assault conviction, unanimously modified, on the law, so as to reverse the convictions of the burglary counts, vacating the sentences imposed thereon and dismissing said burglary counts. We affirm the assault conviction and the sentence imposed thereon. A person is guilty of burglary in the second degree when he "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law, § 140.25). To "Enter or remain unlawfully" means that the person "is not licensed or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him" (Penal Law, § 140.00, subd 5). The defendant entered a building tenanted by the complaining witness and others. There was a sign on the exterior of the building inviting job applicants to apply within. The defendant, testifying in his own behalf, claimed that he entered the subject building looking for a job. The People concede that Jones was never ordered to leave the building. The People failed to prove that the building entered by the defendant was not open to the public and, therefore, the burglary counts are reversed and dismissed. (See *People v Brown,* 25 NY2d 374; *People v Ennis,* 37 AD2d 573, affd 30 NY2d 535.) Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.