**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Rocky Anthony BLAIR, Defendant and Respondent.**

No. 12458.

Supreme Court of South Dakota.

Argued Oct. 17, 1978.

Decided Jan. 4, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., and Peter H. Lieberman, Asst. Atty. Gen., Pierre, on the brief.

Thomas W. Parliman, Sioux Falls, for defendant and respondent.

WOLLMAN, Chief Justice.

This is an appeal by the state from an order of the circuit court dismissing an information charging respondent with third degree burglary. We reverse.

At about 2:45 a. m. December 2, 1977, Officer Connolly of the Sioux Falls Police Department observed respondent and another man acting in a suspicious manner in a local 24-hour laundromat. The officer testified that he observed respondent and his companion making prying motions on the front of a pop machine within the laundromat. As the officer approached the laundromat, respondent stepped out of the building carrying a case of soda pop. Inside the laundromat several washing machine coinboxes had been pried open. One of these boxes still had the pry bar sticking out of it. Respondent and his companion were arrested.

A Minnehaha County grand jury returned a two-count indictment charging respondent with third degree burglary. At the arraignment respondent successfully demurred to the indictment. Subsequently, he was charged in a criminal complaint with one count of third degree burglary. Respondent moved to quash his arrest and dismiss the information. The trial court granted respondent's motion to dismiss.[1]

There is but one issue in this appeal. That is whether SDCL 22–32–8[2] requires some form of unauthorized entry by a person entering an unoccupied structure with intent to commit a crime.[3] The history of the present statute directs attention to Cali-

1. The trial court was of the opinion that to apply the statute as written could result in making "bad thoughts" a crime. Be that as it may, we are here concerned with a defendant who, according to the evidence before us, not only had bad thoughts in his mind but apparently also a pry bar in his hand.

2. SDCL 22–32–8 provides:
   Any person who enters or remains in an unoccupied structure, with intent to commit any

crime therein, is guilty of third degree burglary. Third degree burglary is a Class 4 felony. (Effective date October 1, 1977.)

3. Our cases that held that a breaking was not an element of the offense set forth in SDCL 22–32–9 (repealed October 1, 1977) did not discuss whether the entry necessary to constitute that crime must have been without consent. *State v. Peck*, 82 S.D. 561, 150 N.W.2d 725; *State v. Vierck*, 23 S.D. 166, 120 N.W. 1098.

fornia Penal Code § 461.[4] 21 Cal.Jur.3d § 2511 indicates that the California courts have consistently rejected the argument that consent to the entry constitutes a defense to a charge of burglary. See *People v. Talbot*, 64 Cal.2d 691, 51 Cal.Rptr. 417, 414 P.2d 633; *People v. Sears*, 62 Cal.2d 737, 44 Cal.Rptr. 330, 401 P.2d 938; *People v. Deptula*, 58 Cal.2d 225, 23 Cal.Rptr. 366, 373 P.2d 430; *People v. Brittain*, 142 Cal. 8, 75 P. 314; *People v. Barry*, 94 Cal. 481, 29 P. 1026. The principal rationale in the California cases is that under the terms of the statute, consent is irrelevant, *People v. Brittain*, supra.

California is not alone in having a statute that requires only an entry with the requisite intent. The Idaho burglary statute is similar to that of California and has been similarly construed. *State v. Bull*, 47 Idaho 336, 276 P. 528. The Supreme Court of Florida held its statute, which proscribes mere entry with intent, to render consent irrelevant in a case where the defendant entered a telephone booth and pried open the coinbox. *State v. High*, Fla., 281 So.2d 356. But see *Skov v. State*, Fla.App., 292 So.2d 64. A similar result obtained in *State v. Gregor*, 11 Wash.App. 95, 521 P.2d 960, where the owner arguably gave consent to enter, knowing of the crime to be committed. Even that consent was held irrelevant. See also *United States v. Kearney*, 162 U.S.App. D.C. 110, 498 F.2d 61; and Anno: Burglary—Entry with Consent, 93 A.L.R.2d 533, 548, for a compilation of the various statutes and case holdings on this issue.

We conclude that those cases that hold that consent to enter is irrelevant under statutes similar to SDCL 22–32–8 represent the correct view. Accordingly, the order dismissing the information is reversed.

DUNN, PORTER and MORGAN, JJ., concur.

ZASTROW, J., dissents.

ZASTROW, Justice (dissenting).

I respectfully dissent.

I would affirm the decision of Judge Braithwaite and hold that entry into a business place during the time it is open to the public cannot be the basis for a burglary charge. See *State v. Taylor*, 17 Or.App. 499, 522 P.2d 499; *State v. Rogers*, 83 N.M. 676, 496 P.2d 169; *People v. Carstensen*, 161 Colo. 249, 420 P.2d 820; *Smith v. State*, Alaska, 362 P.2d 1071; *People v. Jones.* 50 A.D.2d 750, 376 N.Y.S.2d 155.

The interpretation by the majority will make a first degree burglary charge possible for anyone who enters or remains in an occupied business place after sunset and writes any insufficient funds check. There have been many, many bars and saloons *burglarized* under the majority's interpretation. In fact, the commission of any crime indoors would appear to be subject to a burglary charge since the burglary statutes refer to "enter[ing] or remain[ing] in any structure, with intent to commit any crime."

---

**4.** That section deals with the penalty for third degree burglary; however, the definition of third degree burglary may be found in California Penal Code § 459. It is substantially similar to our present statute; however, the California law contains more detail defining what is a structure.