STATE of South Dakota, Plaintiff
and Appellee,

v.

Daniel Raymond ERDMANN,
Defendant and Appellant.

No. 12802.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 23, 1980.

Decided May 7, 1980.

Clair B. Ledbetter, Asst. Atty. Gen.,
Pierre, for plaintiff and appellee; Mark V.
Meierhenry, Atty. Gen., Pierre, on the brief.

Rodney Freeman, Jr. of Churchill, Manol-
is, Wheeler & Freeman, Huron, for defend-
ant and appellant. .

HENDERSON, Justice.

## ACTION

Defendant Daniel R. Erdmann (appel-
lant) appeals from a judgment of conviction
of third-degree burglary entered by the
court on which he was sentenced to serve
six years in the South Dakota State Peni-
tentiary. We affirm.

## FACTS

Appellant and one Mark Wayne Pieschke
were tried in a consolidated trial in Beadle
County on April 13, 1979. Both were repre-
sented by counsel and both were found
guilty as charged in the information. Nei-
ther of the two defendants submitted any
evidence and each rested at the close of the
state's case. The evidence demonstrates be-
yond a reasonable doubt that appellant and
Pieschke burglarized the unoccupied Fair
City Pharmacy at Huron, South Dakota in
the late hours of February 10, 1979. Police
officers surrounded the pharmacy building
very shortly after the appellant and
Pieschke tripped the burglar alarm. One of
the officers and the owner of the pharmacy
came into the lobby through the front door
and spotted the appellant in the pharmacy.
Appellant, to avoid apprehension, climbed
into the ceiling area above the pharmacy.

Officers, who had surrounded the building, apprehended appellant and Pieschke as they sought to escape through a back door of the building where the pharmacy was located. One of the officers, noting that appellant had a flashlight and Pieschke carried a pillowcase with money and articles, drew his pistol and advised them that he was a policeman. After being ordered to lie down, the two transgressants complied; officers then handcuffed them whereupon they were immediately taken to the Beadle County Jail.

Appellant made no incriminating statements and he was never interrogated from the time of his apprehension at or about 10:00 p. m., February 10, 1979, through the morning of February 12, 1979, when he appeared before the magistrate.

### I.

Does SDCL 22–32–8 require that the state prove appellant entered the pharmacy without the consent and knowledge of the owner thereof?

### II.

Was the arrest of the defendant invalid pursuant to the dictates of SDCL 23–22–9?

### III.

Did delaying appellant's appearance before a magistrate for a period of thirty-six hours from the time of his arrest create a constitutional and jurisdictional defect?

### DECISION

### I.

■ Appellant advocates that SDCL 22–32–8 requires some from of unauthorized entry by a person entering an unoccupied structure with intent to commit a crime therein. He cites no authority. We previously held that consent to enter is irrelevant in the charge of third-degree burglary under SDCL 22–32–8 and we are not disposed to change that holding. *State v. Blair*, 273 N.W.2d 187 (S.D. 1979).

### II.

■ It is the contention of appellant that having been arrested without a warrant, the police officers failed to properly inform him of their authority and the cause of the arrest as required by SDCL 23–22–9. This section has been the subject of extensive litigation in this state and was repealed during the 1978 Legislative Session, effective July 1, 1979. Thus, the statute was in effect at the time of the criminal offense and we must look to the decisions thereunder by this court. The dictates of SDCL 23–22–9 have been broadened by this court so that no verbal ritual is required to advise a person that he is under arrest or for what charge. *State v. Buckingham*, 240 N.W.2d 84 (S.D. 1978); *State v. Hackney*, 261 N.W.2d 419 (S.D. 1978); *State v . Thunder Horse*, 85 S.D. 76, 177 N.W.2d 19 (1970); *Application of Kiser*, 83 S.D. 272, 158 N.W.2d 596 (1968). In reviewing our holdings therein, it is obvious that this court has consistently ruled against appellant's contentions here. We have taken the position that circumstances, without expressed words, may afford sufficient notice. In this particular case, we are dealing with a set of instantaneous circumstances. The appellant knew the police officers and the officers identified themselves as police; appellant was seen by the police and pharmacy owner on the premises; and he was seen exiting the pharmacy with flashlight in hand and with his companion carrying stolen goods. With pistol trained on him, the officers commanded him to lie down; he complied, was handcuffed, and immediately transported by squad car to the county jail. In short, he was caught red-handed at the scene. The appellant knew he was under arrest and why. The officers acted reasonably and affirmatively; appellant's contentions are without merit.

### III.

■ There is no suggestion that at any time the Huron Police Department, Sheriff's Office of Beadle County, DCI agents,

or the State's Attorney's Office attempted to interrogate, intimidate, or interview either appellant or Pieschke. Having apprehended the burglars at the scene, little need for confessions or incriminating statements or admissions existed. Appellant contends that his conviction below should be reversed on the basis that he was unconstitutionally detained for thirty-six hours before being brought in front of a magistrate. This court addressed the same issue in *State v. Provost*, 266 N.W.2d 96 (S.D. 1978), wherein an eight-day delay had occurred. We held in that case as we hold here that the delay, although violative of the statute and looked upon with disfavor by this court, does not invalidate a conviction absent a showing of prejudice resulting from the detention.

Accordingly, the judgment and conviction are affirmed in their entirety.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., and GROSSHANS, Circuit Judge, concur.

GROSSHANS, Circuit Judge, sitting for FOSHEIM, J., disqualified.