or the State's Attorney's Office attempted to interrogate, intimidate, or interview either appellant or Pieschke. Having apprehended the burglars at the scene, little need for confessions or incriminating statements or admissions existed. Appellant contends that his conviction below should be reversed on the basis that he was unconstitutionally detained for thirty-six hours before being brought in front of a magistrate. This court addressed the same issue in *State v. Provost*, 266 N.W.2d 96 (S.D. 1978), wherein an eight-day delay had occurred. We held in that case as we hold here that the delay, although violative of the statute and looked upon with disfavor by this court, does not invalidate a conviction absent a showing of prejudice resulting from the detention.

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Mark W. PIESCHKE, Defendant and Appellant.**

No. 12835.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 23, 1980.

Decided May 7, 1980.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Rodney J. Steele of Wilkinson & Steele, DeSmet, for defendant and appellant.

HENDERSON, Justice.

Appellant Mark W. Pieschke was charged with burglary in the third degree and, in a separate information, as being an habitual offender. On April 13, 1979, appellant and one Daniel R. Erdmann were tried on the charge of third-degree burglary by trial to the circuit court; both were found guilty. On April 17, 1979, the appellant was also found guilty in a trial to the court on the habitual offender charge. Appellant was sentenced to serve a term of eleven years in the South Dakota State Penitentiary. We affirm.

The facts in this case are identical to the companion case of *State v. Erdmann,* 292 N.W.2d 97 (S.D.1980). Three of the issues presented in this appeal were treated in *State v. Erdmann,* supra; therefore, we need not detail our holding further. Our holding in *Erdmann* is dispositive of this appeal with respect to those three identical issues. Appellant Pieschke, however, raises two additional issues which we here address:

(1) Was the judgment of the court supported by substantial evidence?

(2) Did the court err in denying appellant a mental examination for a determination on his competency to stand trial?

Appellant contends that since no one actually observed him in an unauthorized place, there was insufficient evidence for the court to conclude that because he had been apprehended in the garage area of the building in which the pharmacy was housed, that he had actually been in the pharmacy itself. The surrounding circumstances militate against such an assertion. Officers appeared on the scene in response to a burglar alarm that had been tripped. Within a few minutes, appellant was seen carrying a pillow case containing money and merchandise that were identified as those items taken from the pharmacy. Appellant was apprehended in the act of exiting out the rear portion of the building where the pharmacy was located. The fact that appellant was apprehended in the actual commission of a felony with the stolen goods in his possession reflects substantial, if not overwhelming, evidence from which the court could reasonably infer that appellant had been present in the pharmacy that evening.

Appellant also asserts that the court's denial of his application for a court-appointed expert deprived him of his due process and equal protection rights afforded him under the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding sections of the South Dakota Constitution. On April 3, 1979, appellant moved the court that a psychiatric evaluation be conducted for a determination on his competency to stand trial. After an evidentiary hearing on the matter, the court denied appellant's motion and enumerated its reasons therefor.

This court has consistently held that a defendant is not afforded the absolute right to engage expert witnesses at public expense to perform examinations and to testify at trial. *State v. Vassar,* 279 N.W.2d 678 (S.D.1979); *Utsler v. State,* 84 S.D. 360, 171 N.W.2d 739 (1969); *State v. Geelan,* 80 S.D. 135, 120 N.W.2d 533 (1963). While the trial court should accord considerable weight to such an application, it is not, however, in any way bound by it. *State*

*v. Sahlie*, 90 S.D. 682, 245 N.W.2d 476 (1976). In ruling upon an application, the court should make an independent evaluation, taking into consideration all relevant factors. *State v. Sahlie*, supra. Accordingly, "If the application is found to be reasonable, it should be granted, but if it is found to be frivolous, unreasonable, and unnecessary for an adequate defense, or without underlying factual support it should be denied." *State v. Sahlie*, 90 S.D. at 691, 245 N.W.2d at 480. We recently approved this language in *State v. Vassar*, supra at 680.

■ Appellant testified that he felt "nervous and high strung." This was understandable considering he was apprehended at the scene of the crime and was being charged as an habitual offender. The court amply demonstrated through questioning of appellant that he understood the nature of the oath he had taken. Testimony established that he exhibited no problems during his incarceration, and was able to discuss factual details of the case with his attorney. The trial court was convinced in denying appellant's application that he was competent to stand trial. Appellant's request did not set forth specific reasons which indicated that such services were essential to an adequate defense. A mere showing of indigency will not suffice. In viewing the record we cannot say, as a matter of law, that the trial court abused its discretion in denying appellant's application for a court-appointed expert.

Accordingly, the judgment and conviction are affirmed in their entirety.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., and GROSSHANS, Circuit Judge, concur.

GROSSHANS, Circuit Judge, sitting for FOSHEIM, J., disqualified.