UNITED STATES of America,
Appellant,

v.

Raymond B. MARTIN and Eileen A.
Martin, Appellees.

No. 86–5139.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1986.

Decided Dec. 5, 1986.

Franklin L. Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellant.

Douglas W. Thompson, St. Paul, Minn., for appellees.

Before LAY, Chief Judge, and BOWMAN and TIMBERS,* Circuit Judges.

* Of the Second Circuit, by designation.

TIMBERS, Circuit Judge.

The United States ("government") appeals from an order entered February 18, 1986 in the District of Minnesota, Robert G. Renner, *District Judge*, granting the motion of Raymond and Eileen Martin ("appellees") to suppress certain contraband seized from the front seat of their pick-up truck. The court held that, because no exception to the warrant requirement of the Fourth Amendment was applicable to the seizure of machine gun parts pursuant to a warrantless search of appellees' truck, the seizure was unreasonable within the meaning of the Fourth Amendment.

On appeal, the government argues that, under either the "plain view doctrine" or the automobile exception to the warrant requirement, the warrantless seizure was constitutionally permissible. We hold that a warrant was not required to seize the machine gun parts observed in plain view through the window of the truck parked on a public street.

We reverse.

## I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

On April 12, 1985 agents of the Bureau of Alcohol, Tobacco and Firearms executed a search warrant at a house owned by appellees. The warrant was issued upon probable cause to believe that machine gun and silencer parts were being delivered to appellees' house and that appellee Raymond Martin was engaged in an ongoing unlicensed gun business. The warrant authorized the agents to search the house for a machine gun, a silencer and silencer parts, among other things.

Immediately prior to executing the warrant, while surveilling the house, the agents observed Raymond Martin arrive in a pick-up truck. Martin parked the truck on the public street adjacent to his house which he then entered. The agents served Martin with a copy of the warrant and commenced the search. Appellee Eileen Martin was not present.

Several hours later one of the agents walked outside of the house into the yard. While standing on the curb along side the public street on which the truck was parked the agent looked through the passenger window of the truck. On the front seat the agent saw a clear plastic bag containing gun parts which he immediately recognized, as a result of his extensive training, to be the receiver of a Mach-Ten type weapon and a receiver of a British Sten machine gun. Diagrams used to construct a machine gun, already found inside the house, called for the type of receiver the agent saw inside the truck. After conferring with his supervisor, the agent opened the unlocked truck door and seized the bag containing the gun parts.

Appellees were indicted by a grand jury and charged, in violation of 26 U.S.C. §§ 5861(d) and 5871 (1982), with possessing machine guns not registered to them in the National Firearms Registration and Transfer Record. The indictment was based in part on the evidence seized from the house and truck. Appellees moved to suppress all evidence seized. A hearing was held before United States Magistrate J. Earl Cudd on January 3, 1986. On February 6, 1986 the magistrate filed a report recommending that the motions to suppress be denied in all respects. Appellees objected to the report and recommendation. A *de novo* review was conducted by the district court. In an opinion dated February 18, 1986 the district court accepted that portion of the magistrate's report which recommended denial of the motion to suppress evidence seized from appellees' house. The court, however, rejected that portion of the magistrate's report which recommended denial of the motion to suppress evidence seized from appellees' truck. Accordingly, the court ordered the evidence of the gun parts seized from the truck without a warrant suppressed, holding that the government could not justify the warrantless seizure under the plain view doctrine or the automobile exception or any other warrant exception. On February 24, 1986 the

government filed a motion for reconsideration of the order suppressing the evidence seized from the truck. The court denied the motion for reconsideration on February 28, 1986. On March 25, 1986 the government took the instant appeal pursuant to 18 U.S.C. § 3731 (1982).

For the reasons stated below, we reverse the order of the district court suppressing the evidence seized from appellees' truck.

## II.

■ The Fourth Amendment secures the persons, houses, papers and effects of the people against unreasonable searches and seizures by the government, and requires a showing of probable cause prior to the issuance of a warrant. Although the warrant procedure is the preferred method by which law enforcement agents conduct searches and seizures, courts have recognized that the overriding principle of the Fourth Amendment is one of reasonableness. Thus, exceptions to the warrant requirement have been carved out in a logical and flexible manner. *E.g., United States v. Ross*, 456 U.S. 798 (1982), *Chambers v. Maroney*, 399 U.S. 42 (1970) (automobile exception); *California v. Carney*, 471 U.S. 386 (1985) (automobile exception applied to mobile homes); *New York v. Belton*, 453 U.S. 454 (1981), *United States v. Robinson*, 414 U.S. 218 (1973) (search of person and immediate vicinity pursuant to lawful arrest); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (consent); *Warden v. Hayden*, 387 U.S. 294 (1967) (hot pursuit); *United States v. Jeffers*, 342 U.S 48 (1951) (exigent circumstances). The Supreme Court also has permitted intrusions less severe than full-scale searches and seizures without a warrant and on less than probable cause. *Terry v. Ohio*, 392 U.S. 1 (1968) (warrantless stop and frisk U.S. 1 (1968) (warrantless stop and frisk permitted on reasonable and articulable suspicion). Finally, it is beyond cavil that the Fourth Amendment places no restrictions on police conduct that does not rise to the level of a search or seizure. We apply these principles to the instant case by bifurcating the conduct of the agent who seized the gun parts: first, we consider his observation of the gun parts in plain view on the front seat of appellees' truck; and, second, we consider his entry into the truck and seizure of those parts.

## A.

■ As for the observation of the gun parts in plain view on the front seat of the truck, we hold that the agent's conduct was not a search within the meaning of the Fourth Amendment. The agent was standing on the curb abutting a public street. Appellees' truck was parked on that public street. The agent testified that he could see clearly through the windows and that they were not covered in any way.

As stated in *Texas v. Brown*, 460 U.S. 730 (1983):

> "The general public could peer into the interior of [defendant's vehicle] from any number of angles; there is no reason [the officer] should be precluded from observing as an officer what would be entirely visible to him as a private citizen. There is no legitimate expectation of privacy, *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring); *Smith v. Maryland*, 442 U.S. 735, 739–745 (1979), shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers. In short, the conduct that enabled [the officer] to observe the interior of [defendant's vehicle], was not a search within the meaning of the Fourth Amendment."

*Id.* at 740 (plurality opinion).

■ Our concern therefore is with plain view in the sense of there being no *search* within the meaning of the Fourth Amendment. In contradistinction is the "plain view doctrine" of *Coolidge v. New Hampshire*, 403 U.S. 443 (1970). The issue before the *Coolidge* Court was the propriety of "plain view" to justify the *seizure* of an object. Under *Coolidge* the plain view doctrine permits a warrantless seizure of evidence provided that three requirements are satisfied: (1) the intrusion by the police

must have a prior justification under the Fourth Amendment; (2) the discovery of the evidence must be "inadvertent"; and (3) it must be "immediately apparent" to the police that the items are evidence or otherwise subject to seizure. In the instant case the district court misconceived this distinction when it applied the *Coolidge* tripartite test to the observation of the gun parts by the agent. Although the court rejected the plain view doctrine, it was inappropriate to subject the agent's conduct of looking through the window of the truck to Fourth Amendment scrutiny in the first place. The agent's mere observation of gun parts left in plain view on the front seat of the truck did not implicate any Fourth Amendment rights.

Our conclusion that the plain view observation was not a search within the meaning of the Fourth Amendment settles only the constitutionality of the observation itself. Our inquiry does not end here. Rather, we turn next to the warrantless seizure of the gun parts to determine whether it passes constitutional muster.

### B.

As for the opening of the truck door and the seizure of the gun parts, we hold that such conduct clearly was a seizure within the meaning of the Fourth Amendment. Our task now is to assess the reasonableness of such a warrantless seizure.

Here, the district court considered and rejected the automobile exception as a justification for the warrantless seizure because "there was no immediate threat that the truck's contents would disappear." We hold that the court erred in its application of the automobile exception to the facts of this case.

The automobile exception to the warrant requirement is well settled law. *E.g., Carroll v. United States,* 267 U.S. 132 (1925); *United States v. Ross, supra; California v. Carney, supra.* Although there are privacy interests in an automobile which therefore are constitutionally protected, the protections provided are of a lesser degree than provided for private homes, stores or offices. There are two reasons for this: first, the mobility of automobiles "creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible." *South Dakota v. Opperman,* 428 U.S. 364, 367 (1976); and, second, less rigorous warrant requirements govern because the pervasive regulation of automobiles and their semi-public use in everyday life reduces the reasonable expectation of privacy in their contents. *Cady v. Dombrowski,* 413 U.S. 433, 440–441 (1973). Here, appellees had a reduced expectation of privacy stemming from the truck's use as a licensed motor vehicle. Moreover, the same reasons relied upon to support the "exigencies-basis" of the automobile exception were present here. The truck was located on a public street, readily available for use. The owners were alerted to the fact that they were under investigation. Neither appellee was in custody or restrained in any way. Unless the gun parts were seized promptly, the truck could have been driven away and contraband of a most dangerous nature could have been removed from the agent's legitimate reach.

These reduced expectations of privacy in the truck, however, are tempered by requiring the overriding standard of probable cause still to be met prior to a warrantless search and seizure. *Carroll, supra,* 267 U.S. at 153–154. "Moreover, the probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." *United States v. Ross, supra,* 456 U.S. at 808.

The seizure of the gun parts here was not unreasonable since the seizure was grounded in circumstances which would justify a magistrate in issuing a warrant to search the truck and seize the gun parts from the front seat. This is so regardless of the fact that such a warrant was not actually obtained. *United States v. Ross, supra,* 456 U.S. at 809. The agent had seen appellee Raymond Martin in the truck

three hours earlier and knew the truck had not been moved. Long experience as an agent permitted him to recognize immediately the parts as belonging to a machine gun. Diagrams used to construct a machine gun already had been found inside appellees' house and called for the type of parts the agent saw on the front seat. As a result of the ongoing investigation the agent knew that neither appellee had any machine guns registered to them and that machine guns and parts repeatedly had been shipped to appellees' house. In light of these facts there can be no question that the trained agent had probable cause to believe that the gun parts were evidence of a crime. Indeed, the parts were contraband of an extremely dangerous character. "[R]equiring police to obtain a warrant once they have obtained a first-hand perception of contraband ... or incriminating evidence generally would be a 'needless inconvenience' ... that might involve danger to the police and public." *Texas v. Brown, supra,* 460 U.S. at 739 (citations omitted).

We hold, therefore, that the agent's warrantless seizure of the gun parts based on probable cause was within the automobile exception to the warrant requirement and permissible under the Fourth Amendment.

### III.

To summarize:

We reverse the order of the district court suppressing the evidence seized from appellees' truck. We hold that the conduct which permitted the agent to observe gun parts, in plain view, on the front seat of appellees' truck was not a search under the Fourth Amendment. We also hold that the warrantless seizure of the gun parts, while implicating Fourth Amendment rights, was based on probable cause. The agent's conduct was therefore constitutionally permissible within the automobile exception to the warrant requirement.

Reversed.