STATE of South Dakota, Plaintiff
and Appellee.

v.

Terry GARDNER, Defendant
and Appellant.

No. 15834.

Supreme Court of South Dakota.

Submitted on Briefs March 23, 1988.

Decided Sept. 14, 1988.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Richard L. Travis, Frieberg, Peterson & Travis, Beresford, for defendant and appellant.

TICE, Circuit Judge.

Terry Gardner (defendant), appeals his conviction and sentence for the crime of third degree burglary. We affirm.

On September 22, 1985, at 1:00 a.m., a Canton, South Dakota, police officer was directed to investigate the possible theft of a welder by two individuals. Upon arriving at the scene, the officer observed a welding shop. In an adjacent vacant lot the officer noticed a parked car. A safe was positioned on a handcart five feet from the vehicle. At this point, someone reported seeing an individual running down a street in the vicinity. The officer investigated and ultimately came upon defendant. Defendant was interviewed, but not arrested.

The officer returned to the crime scene and proceeded to the Canton Food Center (Food Center) which is directly across the street from the welding shop. The officer found that the freight doors of the Food Center had been pried open. In addition, investigation revealed that a lock had been jimmied and cut. The officer proceeded back to the car, looked through a window of the vehicle, and observed a pry bar, a

bolt cutter, a brown jacket and rubber gloves. He removed these items from the vehicle.

A Lincoln County grand jury issued an indictment charging defendant with third degree burglary and receiving stolen property. Defendant was ultimately tried and convicted of third degree burglary and being a habitual criminal. The second count of receiving stolen property was dismissed.

Defendant raises four issues on appeal. First, he argues that the indictment should have been dismissed because it was based on hearsay evidence.

The minutes submitted by the grand jury are brief and limited. They provide only the dates, the list of jurors, the names of three witnesses, a statement "Exhibits 1–9," and reference to the two counts. None of the witnesses listed were owners of the Canton Food Center. Therefore, defendant alleges hearsay must have been utilized to determine that defendant was not granted permission to enter the Food Center.

■ We initially note that facts of an apparent break-in, standing alone, provide a basis to believe that entry was gained illegally or unlawfully, without the necessity of the owner or manager of the Food Center testifying. In any event, one cannot challenge the legality or sufficiency of the evidence presented to the grand jury. *State v. Hoekstra*, 286 N.W.2d 127 (S.D. 1979).

■ Defendant's second contention is that the grand jury minutes were inadequate. The grand jury minutes, while meager, were adequate under the South Dakota law that existed at all times material to this appeal. At that time, there was no legal requirement that details of the testimony itself or aspects of the proceedings be recorded. The South Dakota Legislature has since enacted SDCL 23A–5–11.1 requiring that the testimony of a witness appearing before a grand jury be recorded. 1987 S.D.Sess.L., ch. 173. We decline to apply the mandate of SDCL 23A–5–11.1 retroactively.

Third, defendant asserts that the habitual offender information was statutorily deficient. At the time of his arraignment on the principal charge, defendant was also arraigned on a habitual offender information which was filed March 9, 1987. An amended habitual offender information was filed on March 30, 1987. The amended information included the dates when the previous offenses were committed; the original information listed only the sentencing dates. The amended information also endorsed witnesses who had not been previously endorsed.

■ SDCL 22–7–11 requires that a habitual offender information "must be filed as a separate information at the time of, or before, his or her arraignment." The purpose of this section is to insure that a defendant is fully aware of the consequences of a conviction on the principal felony count. *State v. Graycek*, 368 N.W. 2d 815 (S.D.1985). So long as that is true, amendments are appropriate if they do not significantly prejudice a defendant. The amendments in this case were done in a timely fashion prior to conviction on the · principal offense and were relatively minor in nature. Defendant does not seriously suggest that he was in any way prejudiced by the amendments. In the absence of that, defendant's claim of error is without merit.

■ Finally, defendant challenges the seizure of certain items of evidence from the vehicle without a warrant. These items had been removed from the vehicle which had been parked in the vacant lot. They were visible, with the use of a flashlight, by looking into the windows of the vehicle. In addition, there was good reason to believe the vehicle had a nexus to a recent crime and that the objects could be reasonably connected to a suspected crime. The pry bar and bolt cutter would certainly be related to a forceable entry. The rubber gloves would be related to the use of a welder which may have been involved. And, the jacket might have been beneficial in identifying the possible culprits. Indeed, the suspected burglars were at large and could have been hiding in the vehicle. The circumstances were such that there could be a potential that the vehicle could be

moved by its owner or possessor thereby creating an exigent situation justifying immediate action. The circumstances justified the officer's conduct under either the plain view doctrine or on probable cause. *See State v. Powless,* 265 N.W.2d 143 (S.D. 1978), *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981); *United States v. Martin,* 806 F.2d 204 (8th Cir.1986). The search of the vehicle and the seizure of items of evidence was appropriate.

The judgment of conviction is affirmed.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., concurs with writing.

TICE, Circuit Judge, sitting for SABERS, J., disqualified.

HENDERSON, Justice (concurring).

If and when a police officer is lawfully in a position to personally observe certain items, such as witnessed here, the owner's privacy interest in that item is lost. I quote as follows:

> The plain-view doctrine is grounded on the proposition that once police are lawfully in a position to observe an item firsthand, its owner's privacy interest in that item is lost; the owner may retain the incidents of title and possession but not privacy.

*Illinois v. Andreas,* 463 U.S. 765, 771, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003, 1010 (1983). Also, I further quote from the United States Supreme Court:

> [T]he police officer must lawfully make an "initial intrusion" or otherwise properly be in a position from which he can view a particular area....
>
> ... "[P]lain view" provides grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment.

*Texas v. Brown,* 460 U.S. 730, 737–38, 103 S.Ct. 1535, 1540–41, 75 L.Ed.2d 502, 510–11 (1983) (footnote omitted). That justification surely existed in this case. Property

(items of defendant), namely a pry bar, bolt cutters, rubber gloves, and a coat, were of an incriminating nature; also, they were quite near to the scene of the crime,* and in an automobile which, because of its mobility, could quickly speed from the scene of the crime. *See United States v. Ross,* 456 U.S. 798, 807, 102 S.Ct. 2157, 2163, 72 L.Ed. 2d 572, 582 n. 9 (1982), for authority on justifiable street searches (without a warrant), thereafter permitting search of vehicle at police station when vehicle is impounded.

---

* A safe had been thieved and asported from the Canton Food Center.