**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Duane DERBY, Defendant and Appellant.**

**No. 16960.**

Supreme Court of South Dakota.

Argued Sept. 18, 1990.

Decided Nov. 7, 1990.

Ann C. Meyer, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Michael B. Thompson of Bartron, Wiles & Rylance, Watertown, for defendant and appellant.

WUEST, Justice.

Duane Derby (Derby) appeals a judgment of conviction of third-degree burglary. We affirm.

The facts are not disputed: Sometime between the hours of 2:00 a.m. and 8:00 a.m. on August 24, 1989, Derby and two companions removed a window of the Rauville Bar and Cafe in Rauville, South Dakota. Derby entered the business through the window opening and unlocked one of the Bar's doors for his companions. The intruders stole several cases of beer and a number of other items regularly sold in the Bar's business. Derby contends that he cannot be convicted of third-degree burglary because he stole goods which are offered for sale by the Rauville Bar and Cafe; i.e., his actions constituted shoplifting or retail theft. We are unpersuaded.

> Third-degree burglary is committed by:
>
> Any person who enters an unoccupied structure, with intent to commit any crime other than the act of shoplifting or retail theft as described in chapter 22–30A constituting a misdemeanor, ...

SDCL 22–32–8. The act of shoplifting or retail theft (which in the court's view are one and the same for purposes of SDCL 22–32–8) is committed by an individual:

> who takes possession of any goods, wares or merchandise displayed or offered for sale by any store or other mercantile establishment without the consent of the owner or seller and with the intention of converting the goods to his own use without having paid the purchase price ...

SDCL 22–30A–19.1. The trial court distinguished shoplifting and retail theft from burglary on the basis of the entry involved. The trial court understood shoplifting to

occur as a result of lawful entry, whereas burglary required unlawful entry. It is clear that Derby's entry into the Bar was unauthorized, however, it is not clear that the nature of the entry is dispositive to a charge of burglary.

In *State v. Blair*, 273 N.W.2d 187 (S.D. 1979) (Zastrow, J., dissenting), the defendant and his accomplice entered a twenty-four hour laundromat and broke into the washing machine coin boxes and a pop machine. Blair was convicted of third-degree burglary, and this court affirmed, holding that consent to enter the laundromat was irrelevant. *See also State v. Erdmann*, 292 N.W.2d 97 (S.D.1980) (follows *Blair*).

■ The *Blair* decision was revisited in *In the Matter of T.J.E.*, 426 N.W.2d 23 (S.D.1988) (Henderson, J., specially concurring). In *Matter of T.J.E.*, an eleven-year-old child (T.J.E.) entered a retail store during business hours and, while in the store, ate a piece of candy, then left without paying for it. Seeking to have T.J.E. adjudicated a delinquent, the state filed a petition alleging her acts constituted second-degree burglary. At the time of her adjudication, second-degree burglary was committed by:

> Any person who enters or remains in an occupied structure with intent to commit any crime therein under circumstances not amounting to first-degree burglary,
> . . .

SDCL 22–32–3 (1988). We interpreted the word "remains" in this statute to require unlawful or unauthorized presence in the structure. *Matter of T.J.E.*, 426 N.W.2d at 25. The apparent inconsistency of requiring unauthorized presence for second-degree burglary and not requiring unauthorized entry for third-degree burglary, as initially recognized in *Blair*, was resolved by reasoning that:

> Where a person enters a business place open to the general public with the intent to commit a crime therein, he enters without invitation and is not one of the public invited or entitled to enter the structure.

*Matter of T.J.E.*, 426 N.W.2d at 25. *Accord People v. Barry*, 94 Cal. 481, 29 P. 1026, 1027 (1892) (Beatty, C.J., dissenting; DeHaven, J., concurring). Such reasoning is consonant with the accepted principle that "burglary must be committed by a person who has no right to be in the building or structure burglarized." *Matter of T.J.E.*, 426 N.W.2d at 24. *See People v. Gauze*, 15 Cal.3d 709, 125 Cal.Rptr. 773, 775, 542 P.2d 1365, 1367 (1975). *See also State v. Gardner*, 429 N.W.2d 60, 61 (S.D. 1988) (Henderson, J., concurring). We, therefore, acknowledge unlawful or unauthorized entry into a structure as an element of third-degree burglary.

■ Derby's entry into the Rauville Bar and Cafe was clearly unauthorized: access to the business was gained only after removing a window of the establishment after business hours. We acknowledge the trial court's reliance upon Derby's unlawful entry as foundation for his conviction and hold the unauthorized nature of Derby's entry in this case sufficient to affirm his conviction.

Judgment affirmed.

MILLER, C.J., and, MORGAN and SABERS, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

Responding to our decision in *Matter of T.J.E.*, reported at 426 N.W.2d 23 (S.D. 1988), the State Legislature reevaluated SDCL 22–32–8. Likewise, the State Legislature reviewed this state's first degree burglary statute, SDCL 22–32–1, and the second degree burglary statute, SDCL 22–32–3. In *Matter of T.J.E.*, this Court would not countenance terming an 11–year–old child a "burglar" who impulsively took candy, after entering a retail store with her aunt during business hours (no intent upon entering the building). We reasoned that she could not have evinced an intent at the time of her entry, to commit second degree burglary per SDCL 22–32–3. Taking the chocolate Easter egg was—impulse. It was a taking of a de minimus character.

The 1989 Legislature revised SDCL 22–32–8 as follows:

Any person who *enters* an unoccupied structure, *with intent to commit any crime other than the act of shoplifting or retail theft* as described in chapter 22–30A constituting a misdemeanor, or remains in an unoccupied structure after forming the intent to commit any crime other than shoplifting as described in chapter 22–30A constituting a misdemeanor, *is guilty of third degree burglary.* Third degree burglary is a Class 4 felony. (emphasis added mine).

Derby committed third degree burglary under the terms of the above-quoted statute. He formulated an intent, outside of the structure, to steal personal property. He forcibly removed a window to gain entry. This is a classic case of third degree burglary and not shoplifting or retail theft. In shoplifting or retail theft, the formulation of the intent is after the offending party is in the structure, per my statutory construction.

For purposes of disposition to this case and appellate posterity, I set forth SDCL 22–30A–19, as that statute existed, before 1989:

Any person who intentionally conceals property owned, or held by and offered or displayed for sale, by any store or mercantile establishment, whether such concealment be on his own person or otherwise and whether on or off the premises of the store or mercantile establishment, may be detained in a reasonable manner and for a reasonable length of time by the merchant or the merchant's employee until the arrival of a law enforcement officer who shall have been promptly notified of the fact of such detention. Such detention shall not render the merchant or merchant's employee criminally or civilly liable for false arrest, false imprisonment or unlawful detention; provided, that this exemption shall not apply if the merchant or merchant's employee refuses to sign a formal complaint and testify at any legal proceedings, if requested to do so by the prosecuting attorney, in any prosecutions thereafter arising out of the matter.

However, this statute was repealed by the 1989 Legislature and replaced by SDCL 22–30A–19.1 which provides:

An adult or emancipated minor as defined in §§ 25–5–17 to 25–5–22, inclusive, or the parents or legal guardian of an unemancipated minor who takes possession of any goods, wares or merchandise displayed or offered for sale by any store or with the intention of converting the goods to his own use without having paid the purchase price is liable to the owner or seller for the retail value of the merchandise, regardless of whether the merchandise has been recovered in undamaged condition by the merchant. In addition, the merchant is entitled to a penalty of three times the retail value of the merchandise, or fifty dollars, whichever is greater.

Derby would have us believe that the facts, before us, fit into the latter statute. Academically, it will not wash. First, Rauville Bar was closed to the public and locked to protect the owners' possessions (beer included) and the bar was not open to the public—to sell beer—when Derby and his friends became (apparently) exceedingly thirsty and conceived that they must quench their thirst in the early morning hours, after the bar was closed. Let us remember that Derby admittedly stole this property. His advocacy is, essentially, I am a shoplifter or a retail thief, but I am not a burglar. The bar was unoccupied and Derby's entry was totally illegal. Read the precise wording of SDCL 22–30A–19.1. Derby never had an opportunity to pay the purchase price of the beer he stole because the owners of the bar had closed all business operations for the night. Also, Derby had to go behind the bar to steal the beer which was stored in a cooler. Yes, this was beer offered for sale but not after business hours and Derby can certainly not say that he was a customer of the bar for most customers, if indeed not all, enter a bar through the front door and not through a window opening in the early morning hours. By his own admissions, Derby possessed the requisite intent to

commit the crime of third degree burglary at the time he entered the Rauville Bar.

When we, on this Court, construe a statute, we must consider its intent and, in doing so, we should review the entire statute, as well as recent enactments relating to that statute and other enactments on the same subject. *State v. Wolff*, 438 N.W.2d 199, 201 (S.D.1989); *In re Appeal of AT & T Information Systems*, 405 N.W.2d 24, 27 (S.D.1987).

I talked about using common sense in the law, and its application, in *T.J.E.* It would not make common sense to interpret our Legislature's new law by holding that, under this set of facts, Derby was either a shoplifter or a retail thief. Shoplifters or retail thieves do not break into a building in the early morning hours, when the building is unoccupied, and spirit away 8 cases of beer, a quart of whiskey, and 5 packs of cigarettes. This was a sizeable theft and was not merchandise stolen in the middle of the day when people would normally be in attendance making lawful purchases.