# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2747

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Patricia Ann Brown, also known as | * | |
| Patricia Johns, also known as Trish, | * | |
| also known as Tricia, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 14, 2011
Filed: September 1, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

On Easter Sunday evening, fourteen-year-old Justin Timbear May (Timbear) was stabbed to death outside a home on the Red Lake Indian Reservation in northern Minnesota. A short time later, two other boys, FJW and CJH, were stabbed outside a nearby home. After a four-day trial, a jury convicted Patricia Brown of second-degree murder for the stabbing of Timbear, and of assault with a dangerous weapon for the stabbing of FJW, in Indian country. See 18 U.S.C. §§ 113(a)(3), 1111, 1153.

The jury acquitted Brown of assaulting CJH. The district court[1] imposed concurrent sentences of thirty years for the murder and ten years for the assault with a dangerous weapon. Brown appeals, arguing the court erred in imposing mandatory minimum sentences under 18 U.S.C. § 3559(f) because age is an element of the offense that must be found by the jury, and in denying her motions to suppress evidence and to sever counts of the indictment for trial. We affirm.

## I. The Sentencing Issue

"Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." United States v. O'Brien, 130 S. Ct. 2169, 2174 (2010) (citations omitted). The district court concluded that the victim age provisions of 18 U.S.C. § 3559(f) are sentencing factors, not elements of the various offenses to which they apply. The court found at sentencing that Timbear was fourteen and that FJW was seventeen on the night they were stabbed and imposed concurrent sentences of thirty and ten years in prison, the minimum sentences mandated by § 3559(f)(1) and (3) for a defendant "who is convicted of a Federal offense that is a crime of violence against the person of an individual who has not attained the age of 18 years."

On appeal, Brown argues that victim age is an element of the murder and assault offenses; therefore, the jury had to find the victims' ages beyond a reasonable doubt. She cites no authority directly supporting this contention or construing § 3559(f). The ages of the boys were alleged in the indictment and were confirmed by the uncontroverted testimony of many trial witnesses. Brown did not object to the lack of jury findings of the victims' ages. Therefore, our review of this issue "is

___

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

limited to a search for plain error." United States v. Frazier, 280 F.3d 835, 853-54 (8th Cir.), cert. denied, 537 U.S. 911 (2002).

In one respect, the Constitution limits the power of Congress to enact sentencing factors that are not elements of a crime: "judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive based purely on the facts found by the jury." O'Brien, 130 S. Ct. at 2175, citing Apprendi v. New Jersey, 530 U.S. 466, 481 (2000). But Brown's mandatory thirty-year murder sentence did not violate this principle because the maximum sentence for second-degree murder is life in prison. See 18 U.S.C. § 1111(b); United States v. Waupoose, 627 F. Supp. 2d 930, 937 (E.D. Wis. 2008). The rule in Apprendi does not apply to statutes that increase a mandatory *minimum* sentence. Harris v. United States, 536 U.S. 545, 568 (2002). Relying on the separate opinions of Justices Stevens and Thomas in O'Brien, 130 S. Ct. at 2181-84, Brown argues that we should nonetheless apply the principles of Apprendi because "Harris and McMillan [v. Pennsylvania, 477 U.S. 79 (1986),] are not long for Sixth Amendment sentencing jurisprudence." We have repeatedly refused to act on this speculative contention; only the Supreme Court may overrule its controlling decisions. See, e.g., United States v. Turner, 603 F.3d 468, 471 (8th Cir.), cert. denied, 131 S. Ct. 820 (2010).

Outside Apprendi's constitutional constraint, whether a fact is an element of the offense or a sentencing factor is a question for Congress. When Congress does not explicitly resolve the issue, "courts look to the provisions and the framework of the statute to determine whether a fact is an element or a sentencing factor." O'Brien, 130 S. Ct. at 2175. Section 3559(f) is part of Chapter 227, the chapter of the federal Criminal Code titled "Sentences." Section 3559 is titled "Sentencing classification of offenses." Section 3559(f) establishes mandatory minimum sentences for defendants who have been "convicted" of committing a broad array of violent federal crimes against victims under the age of eighteen. Both structurally and literally, the statute makes the victim's age a sentencing factor, not an element of the crime.

"Federal laws usually list all offense elements in a single sentence and separate the sentencing factors into subsections." Harris, 536 U.S. at 552, quoting Castillo v. United States, 530 U.S. 120, 125 (2000). Section 3559(f) does not fall on either side of that dichotomy. Rather, it is in an entirely different chapter of the criminal code devoted to sentencing, and it only applies to a person who has been "convicted" of one of the many substantive offenses encompassed by its qualifying term, "crime of violence." As the district court reasoned, "There is no separate crime in the code books that provide[s] for murder of an individual who has not attained the age of 18. . . . [Section 3559(f)] must be referring to some crime that's in existence, and so that lends weight to the argument that this is intended to be a sentencing provision." We agree and therefore conclude that the district court did not commit plain error in imposing the minimum thirty-year sentence for second degree murder of a child under the age of eighteen mandated by 18 U.S.C. § 3559(f)(1).[2]

## II. The Suppression Issue

On the night in question, Sergeant Kendall Kingbird of the Red Lake Police Department was called to a home in the North Barton area for a reported stabbing. He found two young men, FJW and CJH, with knife wounds to their hands and arms. FJW, the more severely injured, told Officer Joshua Blackweasel that "Trish Brown" (a nickname for Patricia Brown) was the one who stabbed him and she was driving a blue Chevy Blazer. With the situation under control, Sgt. Kingbird resumed his

---

[2]The government concedes that Apprendi may apply to convictions for assaulting a child with a dangerous weapon because § 3559(f)(3) provides for a *minimum* sentence of ten years, and the statutory *maximum* is ten years if the victim is not a child. See 18 U.S.C. § 113(a)(3). Here, the district court imposed the ten-year minimum sentence, so arguably there was no Apprendi error. And in any event, there was no plain error because the ten-year assault sentence was made concurrent with the thirty-year murder sentence. See United States v. DeRosier, 501 F.3d 888, 899 (8th Cir. 2007); United States v. Allmon, 500 F.3d 800, 806-07 (8th Cir. 2007).

prior assignment of responding to a possible suicide risk at the nearby home of Yvette Lussier. Arriving there, Kingbird saw a woman by the door holding an illegal bottle of liquor, who ran as his squad car pulled up. Kingbird caught the woman, who identified herself as Patricia Brown. Kingbird ran a warrant check and arrested Brown on an unrelated tribal warrant. Officer Blackweasel arrived and took Brown to the jail. Her Chevy Blazer remained in the Lussier driveway.

Sgt. Kingbird then responded to an unrelated call, returning shortly thereafter to the Lussier home to investigate the Blazer because it was reportedly involved in the earlier stabbings. Peering through the windows with his flashlight, Kingbird saw a knife in the driver-side armrest and a pair of brass knuckles on the passenger-side floor. He opened the doors and photographed these items without disturbing them. Police Chief Leonard Red Cloud then arrived at the Lussier residence, shortly after responding to the local hospital, where Timbear had died from a stab wound to the heart. At Red Cloud's direction, the Blazer and its contents were towed to the police station, consistent with Department policy, and warrants to search the vehicle were then obtained.

Prior to trial, Brown moved to suppress the knife and brass knuckles found during Kingbird's warrantless search of her vehicle.[3] Following an evidentiary hearing, the district court[4] denied the motion, concluding that Kingbird was properly at the Lussier home to investigate a call for police assistance, that looking through the windows with his flashlight was not an illegal search, and that the knife and brass knuckles were objects in plain view whose incriminating character was immediately

---

[3]Brown also moved to suppress DNA samples obtained in a subsequent warrant search of the vehicle. She does not appeal the denial of that part of her motion.

[4]District Judge Ericksen adopted the Report and Recommendation of the Honorable Raymond L. Erickson, Chief United States Magistrate Judge for the District of Minnesota, now retired.

apparent, giving Kingbird probable cause to conduct a warrantless search of the vehicle. On appeal, Brown argues that the district court erred in applying the plain-view and automobile exceptions to the Fourth Amendment's warrant requirements because Sgt. Kingbird had no legitimate reason to return to the Lussier home, and because Ms. Brown was in custody and her vehicle was parked on private property so it was unreasonable not to obtain a warrant. "We review the district court's factual findings for clear error and its conclusions of law *de novo*." United States v. Gregoire, 638 F.3d 962, 966 (8th Cir. 2011) (citations omitted).

"Under the plain-view exception, officers may seize an object without a warrant if they are lawfully in a position from which they view the object, the incriminating character of the object is immediately apparent, and the officers have a lawful right of access to the object." United States v. Muhammad, 604 F.3d 1022, 1027 (8th Cir. 2010), citing Horton v. California, 496 U.S. 128, 136-37 (1990) (additional citations omitted). We agree with the district court that Sgt. Kingbird had good reason to return to the Lussier property, where the Blazer remained after Brown's arrest. See United States v. Tarantola, 332 F.3d 498, 499 (8th Cir. 2003), cert. denied, 540 U.S. 1215 (2004).

As the district court noted, looking through a parked car's windows is not a search for Fourth Amendment purposes. "Neither probable cause nor reasonable suspicion is necessary for an officer to look through a window . . . of a vehicle so long as he or she has a right to be in close proximity to the vehicle." United States v. Bynum, 508 F.3d 1134, 1137 (8th Cir. 2007). The incriminating nature of the knife and brass knuckles was immediately apparent to Kingbird because he knew the vehicle's recent occupant was implicated in a stabbing incident and because it is illegal to possess brass knuckles on the Red Lake Reservation. In these circumstances, the district court properly applied the plain-view exception to the warrant requirement. See United States v. Hatten, 68 F.3d 257, 261 (8th Cir. 1995), cert. denied, 516 U.S. 1150 (1996). Given the violent events of the night in question,

Kingbird then had probable cause to enter the parked -- but highly mobile -- vehicle, without a warrant, and to seize the weapons he observed inside it.  See United States v. Martin, 806 F.2d 204, 207-08 (8th Cir. 1993).

### III.  The Severance Issue

Lastly, Brown argues the district court abused its discretion when it denied her motion to sever Count 1, the murder charge, from Counts 2 and 3, the assault charges. She contends that the assault charges "arise from a completely separate incident from count one, involving different actions and different victims."  A motion to sever counts for trial is committed to the district court's discretion.  We reverse its  denial "only when the defendant shows an abuse of discretion that resulted in severe prejudice."  United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002) (quotation omitted).  "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal."  United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quotation omitted).  Brown fails to satisfy this rigorous standard.

Brown argues that the refusal to sever Count 1 caused severe prejudice because hearing evidence of the murder -- which she argued was justifiable self-defense -- may have caused the jury to believe she was "a bad person that goes around stabbing people."  However, as she concedes, "a defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime."  United States v. Erickson, 610 F.3d 1049, 1055 (8th Cir. 2010).  Here, in a separate trial of the assault offenses, it is virtually certain that evidence relating to Timbear's murder earlier that evening would have been admissible, either as evidence "that completes the story of the crime," United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000), or as evidence of a prior bad act of a similar nature admissible under Rule 404(b) of the Federal Rules of Evidence, as in Erickson, 610 F.3d at 1055-56, Taken Alive, 513 F.3d at 903, and United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008).  We further note that the jury acquitted Brown of the assault

charged in Count 3, strong evidence that severe prejudice did not in fact occur.  <u>See</u> <u>United States v. Lawson</u>, 173 F.3d 666, 671 (8th Cir.), <u>cert. denied</u>, 528 U.S. 909 (1999).  The district court did not abuse its discretion in denying the motion to sever.

The judgment of the district court is affirmed.

_____