# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2173

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| James Matthew Rock, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 13, 2001

Filed: March 5, 2002

_____

Before LOKEN, HEANEY, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

James Matthew Rock appeals his conviction for one count of Felon in Possession of a Firearm and one count of Tampering with a Witness in violation of 18 U.S.C. §§ 922(g)(1) and 1512(b)(1). Rock argues the district court[1] abused its discretion by admitting substantial prejudicial evidence of an uncharged burglary, denying his motion to sever the two counts, and denying his motion for a trial continuance so he could locate and subpoena alibi witnesses. We affirm.

_____

[1]The HONORABLE CHARLES B. KORNMANN, United States District Judge for the District of South Dakota.

## I. Admission of the Burglary Evidence.

On May 19, 2000, a Pierre, South Dakota, police detective interviewed Shirlene Quigley's teenage daughter about the girl's repeated absence from school. The girl said she had conflicts with Rock, who was living with her mother, and that there were two "long guns" inside her mother's home. A computer check revealed Rock's status as a convicted felon, and a warrant search uncovered a .22 caliber semiautomatic rifle and an antique shot gun hidden behind a couch in Ms. Quigley's basement. Rock was indicted for possessing the rifle. While in jail awaiting trial, Rock wrote Ms. Quigley two letters in which he urged her to send letters to the trial judge and the prosecutor falsely exonerating Rock of the firearm charge. One letter was intercepted by jail staff; Ms. Quigley's brother found the second in her home. The government filed a Superseding Indictment adding the witness tampering charge.

At trial, numerous witnesses testified as to how the two firearms came to be in Shirlene Quigley's basement. On May 2, Rock and Ms. Quigley helped Phyllis Connors move her belongings into a rental storage unit. During the move, LeAnn Ash's teenage son found a key on the ground and discovered that it opened another storage unit. Rock and a friend went into the storage unit. They removed the two guns, an electric guitar, two amplifiers, and a television set and loaded these items into Shirlene Quigley's truck. Phyllis Connors testified that she saw Rock and his friend carry the guns into Ms. Quigley's basement later that day. Ms. Quigley saw the guns in her kitchen and asked Rock to remove them. LeAnn Ash saw the weapons in the basement but could not remember who was holding them. LeAnn's son saw Rock and his friend holding the guns at the house that day. Ed Quigley, who was not present at the storage facility, testified that he went to Ms. Quigley's apartment after work that day, and Rock showed him the two firearms. Ms. Quigley's daughter testified that Rock and his friend carried "long guns" into her house in early May. The stolen guns were positively identified by their owner as the guns found in

Ms. Quigley's basement. The government also presented evidence that Rock had pawned the two amplifiers and the electric guitar stolen from the rental unit.

Rock argues the evidence of the burglary of the storage unit was evidence of "other crimes, wrongs, or acts" that was inadmissible under Rule 404(b) of the Federal Rules of Evidence. "We review a district court's decision to admit evidence over a party's objection under the abuse of discretion standard." United States v. McMurray, 34 F.3d 1405, 1411 (8th Cir. 1994), cert. denied, 513 U.S. 1179 (1995). Like the district court, we conclude the burglary evidence was not simply evidence of other wrongs, it was directly probative of the felon-in-possession charge. Evidence that Rock burgled the storage unit, carried the firearms into Shirlene Quigley's basement, and then displayed the firearms to various persons directly supported the government's charge that Rock possessed the rifle. Rock argues that, while displaying the firearms in Ms. Quigley's basement was evidence of possession, evidence of the prior burglary was not needed to prove the government's case. However, allowing the witnesses to recount the entire episode helped complete the story and explain the relationships of the people involved. "Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of the parties or the circumstances surrounding a particular event." United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (quotation omitted).

Rock further argues this evidence should have been excluded as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence because "significantly more time was lavished on proving Rock guilty of burglary than was spent, in total, proving him guilty of firearm possession and obstruction of justice." We disagree. How Rock acquired the rifle, transported it to Shirlene Quigley's home, and hid it in her basement were directly relevant to the crime charged. Our review of the transcript shows that the government did not over-emphasize the burglary aspects of this episode, and the district court minimized its potential prejudice by instructing the jury that evidence "about the alleged burglary" was only being admitted "with regard to

-3-

whether or not Mr. Rock was in possession of a firearm." Even when other acts evidence is at issue, "the presence of a limiting instruction diminishes the danger of any unfair prejudice." United States v. Franklin, 250 F.3d 653, 659 (8th Cir.), cert. denied,122 S.Ct. 495 (2001). Moreover, in this case the potential for *unfair* prejudice was slight because the jury was told in connection with the felon-in-possession charge that Rock had a prior felony conviction.

## II. The Motion To Sever.

Rock contends that the district court abused its discretion when it denied his motion to sever the witness tampering charge from the felon-in-possession charge. Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]wo or more offenses may be charged in the same indictment . . . if the offenses charged . . . are based on . . . two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(a) is broadly construed in favor of joinder. See United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984). We agree with the district court that the witness tampering and felon-in-possession offenses were properly joined because they were factually interrelated. Accord United States v. Carmichael, 685 F.2d 903, 910 (4th Cir. 1982), cert. denied,459 U.S. 1202 (1983).

Rule 14 permits a court to sever properly joined offenses to avoid prejudice to a party. Rock argues he was prejudiced by the joinder because burglary evidence and evidence Rock had been convicted of a prior felony would have been irrelevant in a separate trial of the witness tampering charge. "We reverse a discretionary denial of a motion to sever only when the defendant shows an abuse of discretion that resulted in severe prejudice." United States v. Crouch, 46 F.3d 871, 875 (8th Cir.), cert. denied sub nom. Mandacina v. United States, 516 U.S. 871 (1995).

In numerous prior cases, we have upheld refusals to sever felon-in-possession counts absent a clear showing of prejudice. Compare United States v. Kind, 194 F.3d

900, 906 (8th cir. 1999), and cases cited, with United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999). Here, as the district court noted, evidence of the felon-in-possession charge would have been admissible in a separate trial of the witness tampering charge, because Rock's witness tampering was an attempt to avoid prosecution of the firearms charge. "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rodgers, 732 F.2d at 630 (quotation omitted). Moreover, in this case, as in United States v. Williams, 923 F.2d 76, 78 (8th Cir.), cert. denied, 502 U.S. 841 (1991), the parties stipulated to the fact of Rock's prior felony conviction, with no details, thus minimizing its prejudicial effect on the witness tampering charge. The district court did not abuse its discretion in refusing to sever these interrelated charges.

### III. The Motion for a Continuance.

On the eve of trial, Rock moved to continue the February 5 trial date so he could locate and subpoena witnesses in Minnesota and Iowa who would allegedly establish that he was not in South Dakota at the time of the alleged burglary. The district court denied the motion, noting that the next available trial date was not until early June. At the close of the evidence, Rock made an offer of proof concerning these potential witnesses. Defense counsel could not represent that any of the witnesses would definitely testify as to Rock's whereabouts on the critical date, could not represent that any witness was actually en route to the trial but delayed by bad weather, and could not predict how long a continuance would be needed for this purpose. Noting that the government had advised defense counsel of the alleged burglary (if not its precise date) in early October, the court again denied the continuance, commenting:

I have not seen a case in the nearly six years I've been on the bench that is a stronger case of guilt than this case. The evidence is overwhelming. And so, I think it would just be a waste of time to have these people testify as to various unknown dates, especially when there's nothing to indicate that any of these people knew where he was on the 2nd of May, which all the evidence so far is that was the date of the burglary at which Mr. Rock was involved with these firearms.

Having carefully reviewed the record, we conclude the court's ruling was well within its substantial discretion in this regard. See United States v. Brown, 156 F.3d 813, 815 (8th Cir. 1998).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.