**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIM FOREMAN,

      Defendant-Appellant.

No. 03-5096

(D.C. No. CR-02-135-2-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **HARTZ**, Circuit Judges.[**]

A grand jury indicted Defendant Tim Foreman for crimes arising out of a scheme

to rob the Arvest Bank in Kansas, Oklahoma, and his subsequent attempts to influence

witnesses and obstruct justice. The indictment charged Defendant with (1) one count of

aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2;

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

(2) three counts of aiding and abetting the use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; (3) two counts of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2; (4) three counts of tampering with a witness in violation of 18 U.S.C. § 1512; (5) two counts of retaliating against a witness in violation of 18 U.S.C. § 1513; (6) two counts of obstruction of justice in violation of 18 U.S.C. § 1503; and (7) one count of conspiracy to commit bank robbery and carjacking, and use of a firearm during a crime of violence in violation of 18 U.S.C. § 371. A jury returned a guilty verdict on all counts. The district court sentenced Defendant to 894 months imprisonment.[1] Defendant appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

Defendant raises three issues on appeal. First, Defendant claims the district court abused its discretion in refusing to sever the charges related to conspiracy, bank robbery, carjacking, and use of a firearm (robbery charges) from the charges related to witness tampering and retaliation and obstruction of justice (obstruction charges). Second, Defendant claims the district court erred in instructing the jury he could be held vicariously liable for the substantive acts of his co-conspirators. Third,

---

[1] Co-defendant Jeremy Foreman, Defendant's son, pled guilty to accessory after the fact to armed bank robbery in violation of 18 U.S.C. §§ 2113 (a), (d) and 3. Co-defendant Kendall Ward, related to Defendant through various marriages, pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced co-defendants to 66 months and 120 months imprisonment, respectively.

Defendant claims the district court erred in failing to award him a judgment of acquittal because the evidence was insufficient on each of the respective charges to support his conviction. We discuss the facts only as necessary to our resolution of the issues.

I.

Defendant first asserts the district court's refusal to sever the obstruction charges from the robbery charges denied him a fair trial. Defendant points out the latter charges related to the robbery of the Arvest Bank while the former charges related to the time period he was in custody awaiting trial on the robbery charges. According to Defendant:

> [T]he Government sought to bolster its case on Counts 1-7 by adding Counts 9-16, and alleging that Defendant was "acting like a guilty person" by the uttering of certain ambiguous statements which the Government sought to admit ostensibly as evidence for Counts 9-16 but in reality as character evidence for Counts 1-7. This type of collateral attack is prejudicial.

Following a hearing, the district court denied Defendant's motion in a written order:

> The Court finds that Defendant is not unfairly prejudiced by the joinder of counts . . . and that the evidence of guilt of the substantive counts (1-7) and the obstruction counts (9-16) would be admissible in a separate respective trial of each category of offense. The substantive offenses (1-7) would be admissible to prove motive to perpetrate the obstruction offenses (9-16), and the obstruction counts (9-16) would be admissible to prove consciousness of guilt in reference to the substantive crimes (1-7).

> Accordingly, the Court finds that the strong preference and interest in judicial economy far outweighs any perceived or potential unfair prejudice, and, therefore, Defendant's Motion for Severance of Counts is hereby denied.

3

Federal Rule of Criminal Procedure 8(a) "broadly allows joinder of offenses 'of the same or similar character, or . . . based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" United States v. Heckard, 238 F.3d 1222, 1231 (10th Cir. 2001) (quoting Fed. R. Crim. P. 8(a)). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Price, 265 F.3d 1097, 1105 (10th Cir. 2001) (internal quotations omitted). Rule 14(a) meanwhile allows a court to sever counts and hold separate trials if a joinder of offenses unduly prejudices a defendant. Fed. R. Crim. P. 14(a). Whether an indictment properly joins offenses under Rule 8(a) is a question of law we review de novo. Price, 265 F.3d at 1105. We will not disturb the district court's decision to deny severance under Rule 14(a), however, absent an abuse of discretion. Heckard, 238 F.3d at 1231.

In this case, the indictment properly joined the robbery charges with the obstruction charges under Rule 8(a) because both set of charges arose from Defendant's pursuit of a common unlawful activity, namely bank robbery. See United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002) (witness tampering and felon-in-possession charges properly joined "because they were factually interrelated"). Defendant's attempts to influence the outcome of the robbery charges subsequent to the robbery "were an integral part of his continuing efforts to ensure nondisclosure and retain the

4

benefits of his [unlawful scheme]." United States v. Fagan, 821 F.2d 1002, 1007 (8th Cir. 1987) (upholding district court's refusal to sever mail fraud counts from witness intimidation counts).

Nor did the district court abuse its discretion in failing to sever the obstruction charges from the robbery charges. As the court ably explained, evidence relating to both sets of charges would be admissible in separate trials to prove motive and consciousness of guilt. "Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Rock, 282 F.3d at 552; accord Fagan, 821 F.2d at 1007 (explaining evidence of mail fraud is admissible in a trial for witness tampering to show motive, while evidence of witness tampering is admissible in a trial for mail fraud to show "guilty knowledge").

II.

Defendant next asserts the district court erred in instructing the jury he could be found guilty of the substantive crimes of his co-conspirators, i.e., bank robbery, carjacking, and use of a firearm during commission of a violent crime because the indictment only charged him with aiding and abetting those crimes. The court's instruction, stated in relevant part:

> If you find Defendant Tim Foreman guilty of the conspiracy in Count One, you must also consider the following instructions regarding co-conspirator

5

liability, which are relevant to the substantive offenses in Counts Two through Seven.

Every conspirator is guilty of the illegal acts that are done as part of and in furtherance of the conspiracy even though those acts are done solely by co-conspirators. If you are satisfied beyond a reasonable doubt that, at the time the crimes charged in Counts Two through Seven were committed, Defendant Tim Foreman had entered into and continued to be a member of an unlawful conspiracy as defined in the instructions in Count One, and that the illegal acts charged in Counts Two through Seven were committed while the conspiracy continued to exist and in furtherance of that conspiracy, you may find Defendant Tim Foreman guilty of the crimes charged in Counts Two through Seven, even though he was not the person who committed the acts.

We review the district court's decision to give a particular jury instruction for abuse of discretion. United States v. Alcorn, 329 F.3d 759, 764 (10th Cir. 2003).

The court based its instruction on Pinkerton v. United States, 328 U.S. 640 (1946), which held the foreseeable crimes of one co-conspirator committed in furtherance of the conspiracy may be imputed to another co-conspirator even though the latter does not participate in or know of the crimes. Id. at 647-48. To our knowledge, no federal court has ever held a Pinkerton instruction improper where a defendant is charged only with conspiracy and aiding and abetting, as opposed to conspiracy and the substantive offense. Rather, circuit courts faced with the question have uniformly held a jury may find a co-conspirator indicted as an aider and abettor guilty of the substantive crimes pursuant to a Pinkerton instruction. See, e.g., United States v. Comeaux, 955 F.2d 586, 591 (8th Cir. 1992); United States v. Meester, 762 F.2d 867, 878 (11th Cir. 1985); United States v. Redwine, 715 F.2d 315, 322 (7th Cir. 1983). We have no quarrel

6

with these decisions because aiding and abetting under 18 U.S.C. § 2 makes one who aids and abets equally responsible for the substantive crime "as a principal." Defendants who commit substantive crimes in furtherance of a conspiracy and defendants who aid and abet routinely are co-conspirators. We hold that, for purposes of a <u>Pinkerton</u> instruction, a distinction does not exist between principals and aiders and abettors because no basis for such a distinction exists in the statute or caselaw.

III.

Defendant lastly asserts the evidence presented at trial was insufficient to sustain his convictions on the various counts, and thus the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. We review the denial of a Rule 29 motion de novo but in doing so, view the evidence and inferences drawn therefrom in a light most favorable to the Government. <u>United States v. Bailey</u>, 327 F.3d 1131, 1140 (10th Cir. 2003). "In reviewing the evidence, we do not weigh conflicting evidence or consider witness credibility, as these duties are delegated exclusively to the jury. Instead, we presume that the jury's findings in evaluating the credibility of each witness are correct." <u>United States v. Evans</u>, 318 F.3d 1011, 1018 (10th Cir. 2003) (internal citations, quotations and brackets omitted).

Considering the entirety of the record on appeal in light of these standards, we conclude the evidence was sufficient to sustain Defendant's convictions on the robbery, carjacking, use of a firearm, and conspiracy counts. Defendant challenges the testimony

of the principal players, co-defendants Tim Foreman and Jeremy Ward, and Ward's wife, Anna Ward. See supra n.1. According to Defendant, "the evidence was so tainted and contradictory, that no reasonable jury should have found [him] guilty." To be sure, these witnesses' testimony was hardly a model of consistency. Yet the weighing of evidence, reconciliation of inconsistent testimony, credibility determinations, and inferences to be drawn therefrom rest within the sole province of the jury. Defendant is not entitled to a judgment of acquittal simply because the jury might have had to credit part of these principal witnesses' testimony while discrediting much of that same testimony to reach its verdict. See United States v. Humphrey, 208 F.3d 1190, 1208 (10th Cir. 2000) (internal citations omitted). Viewed in a light most favorable to the Government, the evidence established Defendant conceived and created a plan to rob the Arvest Bank, and participated therein by aiding and abetting those he assigned to carry out the plan.

Similarly, we conclude the evidence was sufficient to sustain Defendant's convictions on the witness tampering, witness retaliation, and obstruction of justice counts. Based upon an acceptable view of the evidence, the jury reasonably concluded Defendant (1) asked witness Diana Still to commit perjury, (2) sought to intimidate, threaten and retaliate against co-defendant and witness Kendall Ward, (3) asked his mother to conceal a black box containing money from the robbery, (4) instructed his wife to burn the red and white bands used to wrap the bank's money, (5) paid an

8

individual to obtain a third person to serve as an alibi witness, and (6) offered to pay someone to kill witness Anna Ward. Accordingly, the district court did not err in denying Defendant a judgment of acquittal.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge