**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TIM FOREMAN,

      Defendant-Appellant.

No. 08-5156
(D.C. Nos. 05-CV-00080-TCK-SAJ
and 02-CR-135-TCK)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Tim Foreman was convicted by a jury of various crimes in connection with an armed bank robbery and subsequent witness tampering. He was sentenced to 894 months imprisonment, followed by five years of supervised release, and he was ordered to pay restitution. This court affirmed Mr. Foreman's conviction and sentence on January 21, 2004. *United States v. Foreman*, 87 Fed. Appx. 107, 108 (10th Cir. 2004).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On February 7, 2005, Mr. Foreman challenged his sentence collaterally, filing a *pro se* habeas motion under 28 U.S.C. § 2255. The district court dismissed the motion, finding that Mr. Foreman was entitled to no relief because he failed to show that his sentence was unconstitutionally imposed. Mr. Foreman now seeks a certificate of appealability ("COA") from us in order to appeal the district court's order.

Under the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Foreman must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of [the applicant's] claims," but, rather, "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Mr. Foreman is a *pro se* litigant, so we construe his pleading and others papers with solicitude. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Before the district court, Mr. Foreman raised four claims of ineffective assistance of counsel and one claim of alleged prosecutorial

misconduct. In a thorough fourteen-page opinion, the district court rejected each of Mr. Foreman's constitutional claims. As to his ineffective assistance claims, the district court held that Mr. Foreman failed to show deficient performance by his attorney or prejudice resulting from his attorney's performance; as to Mr. Foreman's prosecutorial misconduct claim, the court held that he had failed to show cause and prejudice to overcome procedural default. After reviewing the record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition. Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Foreman's application for a COA. The appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge